UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TODD MICHAEL TOMASELLA, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-cv-00476-S-BH |
| | § | |
| DIVISION OF CHILD SUPPORT, et al, | § | |
|     *Defendants*. | § | Referred to U.S. Magistrate Judge |

**DEFENDANT WARREN KENNETH PAXTON'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE MAGISTRATE JUDGE IRMA CARRILLO RAMIREZ:

Plaintiff's claims must be dismissed in their entirety because nothing in Plaintiff's Complaint or his Combined Response to Defendants' Motion to Dismiss shows a waiver of Defendant Paxton's immunity or states a claim for which relief can be granted. Plaintiff does not allege or argue that General Paxton's immunity is waived for any of Plaintiff's purported claims. *See* Complaint [DKT 3] and Combined Response [DKT 41].

Because General Paxton, a state official sued in his official capacity, shares the same immunity afforded the State of Texas and there has been no Congressional abrogation of the State's immunity, Plaintiff's lawsuit against General Paxton is barred by Eleventh Amendment immunity and must be dismissed for lack of subject matter jurisdiction. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Forgan v. Howard Cty., Tex.*, 494 F.3d 518, 520 (5th Cir. 2007).

Additionally, Plaintiff's lawsuit must be dismissed because Plaintiff has not alleged sufficient facts to support any element of a viable cause of action available to him under Federal law. Plaintiff relies upon conclusory allegations without providing factual support from which the Court could infer liability on General Paxton for any of Plaintiff's claims. *See* Complaint [DKT

1

3]; *see also Bell Atlantic Corp.*, 550 U.S. 544 (2007). Further, General Paxton, sued in his official capacity, is not a "person" liable under Section 1983, so Plaintiff's alleged claims of a constitutional violation must be dismissed.

For the foregoing reasons, and for the reasons stated in General Paxton's opening brief, Plaintiff has failed to state a claim against Defendant General Paxton. Therefore, General Paxton respectfully requests that this Court grant his motion, dismiss Plaintiff's claims as against him, and award him such costs as were incurred in bringing his motion.

Additionally, General Paxton asks the Court to deny Plaintiff's request for leave to amend his Complaint because any amendment would be futile since (1) Plaintiff cannot plead sufficient facts to state a viable claim against General Paxton; (2) Plaintiff's claims are time-barred; and (3) Plaintiff's claims are barred by Defendant's immunity.

Dated:  July 10, 2020

    Respectfully submitted,

    KEN PAXTON
    Attorney General of Texas

    JEFFREY C. MATEER
    First Assistant Attorney General

    RYAN L. BANGERT
    Deputy First Assistant General

    DARREN L. MCCARTY
    Deputy Attorney General for Civil Litigation

    THOMAS A. ALBRIGHT
    Chief - General Litigation Division

/s/ *Yvonne D. Bennett*
**YVONNE D. BENNETT**
Texas Bar No. 24052183
Attorney-in-Charge
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
Phone: 512-463-2120
Fax: 512-320-0667
Email: yvonne.bennett@oag.texas.gov
ATTORNEYS FOR DEFENDANT
KENNETH PAXTON

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been served via PACER electronic notification and email on July 10, 2020, on:

**Pro Se Plaintiff**
Todd Michael Tomasella
9201 Warren Pkwy, #200
Frisco, TX 75035
970-799-9346
GoodNews014@yahoo.com

*/s/ Yvonne D. Bennett*
**YVONNE D. BENNETT**

3