IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TODD MICHAEL TOMASELLA,<br>　　　　Plaintiff,<br>vs.<br><br>DIVISION OF CHILD SUPPORT, et al.,<br>　　　　Defendants. | §<br>§<br>§<br>§　Civil Action No. 3:20-CV-0476-S-BH<br>§<br>§<br>§　Referred to U.S. Magistrate Judge[1] |

**ORDER**

Before the Court is the *pro se* plaintiff's *Motion for Leave to File First Amended Complaint*, filed August 5, 2020 (doc. 51). Based on the relevant filings and applicable law, the motion is **GRANTED**.

**I.**

On February 25, 2020, Todd Michael Tomasella (Plaintiff) filed this *pro se* action against the Texas Attorney General (Attorney General), two state judges (Judges), a state district court clerk (Clerk), a county sheriff (Sheriff), in their official capacities, and the "Division of Child Support" (CSD) in Kaufman County, which appears to be a department within the Office of Texas Attorney General (OAG) (collectively Defendants). (doc. 3 at 2-5.) He asserts claims under 42 U.S.C. § 1983 for multiple constitutional violations, as well as claims for fraud, defamation, discrimination, invasion of privacy, false arrest, false imprisonment, intentional infliction of emotional distress, and violation of the Racketeer Influence and Corrupt Organizations Act (RICO Act). (*Id.* at 9, 17-21, 28, 30-32, 37, 42-43, 50; 41 at 12, 14-17.)[2]  His 76-page complaint alleges that Defendants' actions in his child custody cause violated his constitutional rights, that a county clerk's failure to provide adequate notice

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page.

that he could be ordered to pay child support for children born during his marriage at the time he obtained a marriage license was a violation of due process, that any wage garnishment or liens on property for child support was an illegal seizure, that the CSD operates as a for profit business, that he was forced to be a customer of the CSD in violation of his rights, and that he was falsely arrested, and falsely imprisoned. (*See id.*) He seeks termination of the "private for profit contractually enforced IV-D Case", "a letter of apology from each wrongdoer," $1,900 from each defendant "for the cost of this action," removal of all negative reporting to the credit bureaus, actual damages, punitive damages, and a full refund of the $68,0000 paid in child support with associated "profits at [an] eight percent interest." (*Id.* at 5, 25.)

In response Defendants moved to dismiss all claims against them under Rule 12(b)(1) for lack of subject-matter jurisdiction and/or Rule 12(b)(6) for failure to state a claim upon which relief may be granted. (*See* docs. 14, 27, 31.) Plaintiff moved for an extension of time to file a response, which was granted, and he subsequently filed a combined response to the motions on June 26, 2020, in which he alternatively sought leave to amend. (*See* docs. 35-38, 41.) His motion for leave to file was denied as non-compliant with the applicable rules, but without prejudice to filing a compliant motion. (*See* doc. 47.) He subsequently responded to the motions to dismiss on July 28, 2020, contending that his complaint "is not asking for any relief from the [state court] order," but "is pleading damages under federal laws for injury to his constitutional rights." (*See* doc. 48; doc. 49 at 2.)

On August 5, 2020, Plaintiff moved for leave to file an amended complaint. (doc. 51.) In addition to reasserting his prior allegations and claims, he seeks to also sue Defendants in their individual capacities, as well as to add claims for malicious prosecution, tortious interference, and civil conspiracy. (*See* doc. 51-1 at 1, 25-26.) He also appears to seek to add Kaufman County as a defendant for its failure to "properly train, hire, control, discipline[,] and supervise employees." (*Id.* at 18.) He

seeks to add allegations that he consistently paid child support since 1999, and that Defendants tortiously interfered with his business and personal relationships, as well as his parent/child relationship, and that RICO violations caused injury to his business and property. (*Id.* at 26-27.) He also seeks to add a request "to expunge wrongful/illegal records" from his jail sentence. (*Id.* at 30.) Attorney General, Sheriff, and Clerk respond that leave to amend should be denied on grounds of futility. (*See* docs. 54-55.)

## II.

Rule 15(a) evinces a bias in favor of amendment and requires that leave be granted "freely." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982). A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Leave to amend should not be denied unless there is a *substantial reason* to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998). There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

In the context of a motion for leave to amend, the Fifth Circuit has interpreted futility to mean that "the amended complaint would fail to state a claim upon which relief could be granted," so courts must apply the same standard as under Rule 12(b)(6). *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Whether the proposed amended complaint now sufficiently states a claim is better addressed "in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer." *Smallwood v. Bank of Am.*, No. 3:11-CV-1283-D, 2011 WL 4941044, at *1 (N.D. Tex. Oct.

17, 2011); *see also McDade v. Wells Fargo Bank, N.A.*, No. CIV.A. H-10-3733, 2011 WL 4860023, at *4 (S.D. Tex. Oct. 13, 2011) (explaining that in the context of a motion for leave, futility means that "the amended complaint would fail to state a claim upon which relief could be granted") (citing *Stripling*).

Moreover, notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1.

Here, the plaintiff has not previously amended his complaint, and allowing him an opportunity to amend his complaint in response to the motions to dismiss will allow him to plead his best case.

### III.

The motion for leave is **GRANTED.** The Clerk's Office shall file the proposed amended complaint attached to the plaintiff's motion. Because the motions are directed at the prior live original complaint, *Judge Blair's Motion to Dismiss*, filed April 4, 2020 (doc. 14); *Defendants' Motion to Dismiss*, filed April 10, 2020 (doc. 27); and *Defendant Warren Kenneth Paxton's Motion to Dismiss Plaintiff's Original Complaint*, filed May 5, 2020 (doc. 31); are **DEEMED MOOT**.

**SO ORDERED** on this 31st day of December, 2020.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE