UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

KAUFMAN DIVISION

| | | |
|---|---|---|
| TODD MICHAEL TOMASELLA, | § | CIVIL ACTION NO. 3:20-cv-00476-S-BH |
| *Plaintiff,* | § | |
| | § | PROPOSED FIRST AMENDED |
| v. | § | COMPLAINT |
| | § | Referred to U.S. Magistrate Judge |
| DIVISION OF CHILD SUPPORT, et | § | |
| al, | § | |
| *Defendants.* | | |

TO THE HONORABLE MAGISTRATE JUDGE IRMA CARRILLO RAMIREZ:

Plaintiff, Todd Michael Tomasella, appearing pro se, hereby files his PROPOSED
FIRST AMENDED COMPLAINT.

### A.    INTRODUCTION

1.  This is a civil rights action for Constitutional violations and state law personal injuries
    suffered by Plaintiff TODD MICHAEL TOMASELLA ("Plaintiff") as a result of
    personal injuries and wrongful confinement. Plaintiff bring this action for
    compensatory damages under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§1983 and 1988
    because Defendants jointly and severally deprived TODD of his federally protected
    rights, privileges and immunities.

2.  Plaintiff brings this action, against all Defendants in his/her Individual Capacity as
    applied through 42 U.S.C. §1983 and §1988.

3.  Recent years have seen increased attention on the illegal enforcement of fines and fees
    in certain jurisdictions around the country—often with respect to individuals accused

of misdemeanors, quasi-criminal ordinance violations, or civil infractions.[1] Typically, courts do not sentence defendants to incarceration in these cases; monetary fines are the norm.  Yet the harm caused by unlawful practices in these jurisdictions can be profound. Individuals may confront escalating debt; face repeated, unnecessary incarceration for nonpayment despite posing no danger to the community[2]; lose their jobs; and become trapped in cycles of poverty that can be nearly impossible to escape.[3] Furthermore, in addition to being unlawful, to the extent that these practices are geared not toward addressing public safety, but rather toward raising revenue, they can cast doubt on the impartiality of the tribunal and erode trust between local governments and their constituents.[4]

**B.      JURISDICTION AND VENUE**

4.   This Court has jurisdiction over the federal claims of the Plaintiff in this action, under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C §§1983 and 1988, and supplemental jurisdiction under 28 U.S.C. § 1367(a), to hear Plaintiffs' state law claims, if any.

---

[1] See, e.g., Civil Rights Division, U.S. Department of Justice, Investigation of the Ferguson Police Department (Mar. 4, 2015), http://www.justice.gov/crt/about/spl/documents/ferguson_findings_3-4-15.pdf (finding that the Ferguson, Missouri, municipal court routinely deprived people of their constitutional rights to due process and equal protection and other federal protections); Brennan Center for Justice, Criminal Justice Debt: A Barrier to Reentry (2010), available at http://www.brennancenter.org/sites/default/files/legacy/Fees%20and%20Fines%20FINAL.pdf

(reporting on fine and fee practices in fifteen states); American Civil Liberties Union, In for a Penny: The Rise of America's New Debtors' Prisons (2010), available at https://www.aclu.org/files/assets/InForAPenny_web.pdf (discussing practices in Louisiana, Michigan, Ohio, Georgia, and Washington state).

[2] U.S. Department of Justice Civil Rights Division Office for Access to Justice  Memo March 14, 2016.

[3] See Council of Economic Advisers, Issue Brief, Fines, Fees, and Bail: Payments in the Criminal Justice System that Disproportionately Impact the Poor, at 1 (Dec. 2015), available at https://www.whitehouse.gov/sites/default/files/page/files/1215_cea_fine_fee_bail_issue_brief.pdf

(describing the disproportionate impact on the poor of fixed monetary penalties, which "can lead to high levels of debt and even incarceration for failure to fulfil a payment" and create "barriers to successful re-entry after an offense").

[4] See Conference of State Court Administrators, 2011-2012 Policy Paper, Courts Are Not Revenue Centers (2012),

available at https://csgjusticecenter.org/wp-content/uploads/2013/07/2011-12-COSCA-report.pdf.

5. Venue is proper in this Court pursuant to 28 USC §1391(b) as all material facts out of which this suit arises occurred within the Northern District of Texas, Kaufman Division.

6. The Social Security Act of 1975 contains Title IV-D—a federal law that, in part, requires every state to manage a child support enforcement program. To help fund these programs, *__the federal government provides money to each state__*. These funds help cover the operational costs involved in child support enforcement— including establishing orders, enforcement efforts and tracking and reporting.

   a. This brings absolute jurisdiction to try this case in Federal Court.

## C.    PARTIES

7. Plaintiff, TODD MICHAEL TOMASELLA, is a resident of Collin County, Texas.

8. Defendant Warren Kenneth Paxton is Texas Attorney General.

9. Defendant Judge Ruth Blake was a visiting judge acting in the 86th District Court of Kaufman County.

10. Defendant Judge Casey Blair is the 86th District Kaufman County Judge.

11. Defendant Rhonda Hughey is the state district court clerk of Kaufman County.

12. Defendant Bryan W Beavers is the county sheriff of Kaufman County.

13. Defendant "Kaufman County Child Support" is a "Division of Child Support," a department within the Office of Texas Attorney General of Kaufman County and Austin, Texas.

14. It is well settled that a "person" subject to § 1983 Liability can be an individual sued in an individual capacity (see Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001) (en banc) or in an official capacity (see Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013)).

15. A "person" subject to liability can also be a local governing body (see Waggy v. Spokane County, 594 F.3d 707, 713 (9th Cir. 2010)).

## D.    LIMITATION

16. The running of the statute of limitations on false imprisonment is [however] subject to a distinctive rule—dictated, perhaps, by the **_reality that the victim may not be able to sue while he is still imprisoned_**:

> *'Limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends.' 2 H. Wood, Limitation of Actions §187d (4), p. 878 (4th rev. ed. 1916); see also 4 Restatement (Second) of Torts §899, Comment c (1977); A. Underhill, Principles of Law of Torts 202 (1881)"* (Emphasis added). **Green v. State**, *2019 N.Y. Slip Op. 29299, 2-3 (N.Y. Ct. Cl. 2019.)*

### E.   THE ROOKER-FELDMAN DOCTRINE IS NOT APPLICABLE

17. **_Tomasella is not seeking a relief from state family Court proceedings._** Four elements to the Rooker-Feldman doctrine: "(1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceeding began; and (4) federal suit requests review and reversal of the state-court judgment.

   a. **Tomasella is State Court winner NOT Loser** Under this doctrine, a federal district court **_lacks jurisdiction_** to consider "cases brought by **_state-court losers_** complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."

   b. **Harm / Error has been corrected by Texas Court of Appeals but after WRONGFUL INCARCERATION AND JAIL TIME.** Rooker-Feldman doctrine is NOT applicable as Judicial errors committed in state courts **_has already been corrected_** in the state Court of Appeals. The matter in substance is Constitutional Rights Injury:

### F.   FACTUAL ALLEGATIONS

18. **MARRIAGE LICENSE:**

a. In 1995 the Clerk of El Paso Texas Court sold Tomasella a marriage license to wed his mate. However, the clerk who is a Constitutional officer ***did not provide adequate notice*** to Tomasella, that by signing the license, and children are born under said, and the marriage fails that he would by default be in debt to the OAG, CSD, (WARREN KENNETH PAXTON JR).

b. The Fifth and Fourteenth Amendments, 45 C.F.R. §303.101(c)(2); 42 U.S.C. §666 (a)(3)(A); and 42 U.S.C. §666 (a)(5)(C)(i) require Due Process Rights of Tomasella must be protected.

c. voluntarily acknowledging is the simple civil process for paternity under which the State must explain the rights and responsibilities of acknowledging paternity and afford due process safeguards. So, it is clearly noted that children born under a marriage license is by default voluntary paternity establishment and as such affording Due Process of the legal consequences that arise therefrom applies.

d. The El Paso Clerk did not afford Tomasella adequate notice (due process) orally, or through the use of video or audio equipment, and in writing, that without the birth of children the CSD would have no legal claim in his income, assets, or property; and that by signing the license that he would be waiving his privilege against self-incrimination and the marriage license would be admissible as evidence of paternity that will used to against him in order to subject him to the following legal consequences:

e. Wage withholding, liens on property; offset of unemployment compensation payments; seizure and sale of personal or real property; reporting arrearages to credit agencies to prevent the undeserved extension of credit; seizure of State and Federal income tax refunds; revocation of various types of licenses (driver's, business, occupational, recreational), attachment of lottery winnings and insurance settlements of debtor parents; requirement that recipients of

financial assistance from the Small Business Administration, including direct loans and loan guarantees, must certify that the recipient is not more than 60 days delinquent in the payment of child support, authority to seize assets held by public or private retirement funds and financial institutions; deprivation of a debtor to a fresh start to discharge a debt completely, pay a percentage of the debt, or pay the full amount of the debt over a longer period of time because debts for child support and alimony are not dischargeable, and State or Federal imprisonment, fines or both.

f.  Due process was never afforded to Tomasella with premeditation as the Constitution requires. As a result of blatant deprivation Tomasella was unable to fix his mind on, with a view to carefully examine the above legal consequences that arise from the marriage license and a failed marriage. It is concluded that Tomasella or no other man in his right mind would voluntarily agree to the above egregious and unconstitutional conditions. See Peonage. Had the Clerk informed Tomasella of the legal consequences he would have never purchased the marriage license, nor would he have allowed his mate to bare his seed.

g.  As a result of the Due process violations Tomasella has suffered other deprivations as listed above in Sec III 1-7, see also Other Claims.

19. **TITLE IV-D AND CHILD SUPPORT IN TEXAS**

a.  The Child Support Division (of the Office of the Attorney General) is the official "Title IV-D agency" in Texas.

b.  The Social Security Act of 1975 contains Title IV-D—a federal law that, in part, requires every state to manage a child support enforcement program. To help fund these programs, ***the federal government provides money*** to each state. These funds help cover the operational costs involved in child support

enforcement—including establishing orders, enforcement efforts and tracking and reporting.

c.  This brings absolute jurisdiction to try this case in Federal Court.

d.  Title IV-D simply refers to the federal law that requires states to manage a public child support program. This is important because many parents do not have an attorney to help them with child support matters or know how to establish or enforce a court order on their own.

e.  Title IV-D allows the state of Texas to help these families by:

   i.  Establishing paternity

   ii.  Establishing child, medical and dental support orders

   iii.  Collecting child support

   iv.  Modifying a child support obligation

f.  The Office of the Attorney General, Child Support Division (OAG, CSD) is the state "Title IV-D agency" that is designated under the Texas Family Code, Chapter 231, to provide child support services under Part D of Title IV of the federal Social Security Act.  In addition to providing child support services for parents who wish to obtain or provide support for their children, the CSD operates the State Disbursement Unit (SDU).  The SDU is the centralized unit that is responsible for receiving, distributing, and maintaining and furnishing child support payments and records.  Although Texas Family Code §154.004 requires all Texas child support orders to order payment of child support to the SDU, it is unnecessary to provide the OAG, CSD with notice or service of citation in cases where the OAG was not a party to an original lawsuit, or in cases where the OAG does not have an open case with the parties to the suit. Notice is only required if the petition requests the establishment, modification, or enforcement of a support right assigned to the IV-D agency under Chapter 231 of the Texas Family Code.

20. **TITLE IV-D AGENCY CONTRACTS**

    a. (1). ***Sec. 231.0011.(a)*** The Title IV-D agency shall have final approval authority on any contract or proposal for delivery of Title IV-D services under this section and in coordination with the federal Office of Child Support Enforcement, the Texas Judicial Council, the Office of Court Administration of the Texas Judicial System, and state, county, and local officials;

    b. ***45 C.F.R § 302.34 IV-D*** contract means a mutually binding, legal relationship obligating each Defendant to provide IV-D services in IV-D cases and perform other "administrative" duties of the CSD that pertain to IV-D cases in return for payment by the CSD.

    c. ***45 C.F.R. § 75.2*** contractor refers to a governmental entity or a public officer with whom the CSD enters into a IV-D contract

        i. Governmental entity includes the following entities; office of attorney general; a court; a prosecutor or other law enforcement official; a sheriff; a clerk of court; or any other public or governmental agency or official.

        ii. IV-D contractors perform functions of 31 U.S.C. § 6305 or 45 C.F.R § 302.34 contracts under 45 C.F.R § 303.107 (c) terms and conditions that are inclusive of those contractors procured through purchase-of-service contracts, as well as other contractual agreements with the federal OCSE and CSD.

    d. ***INDEPENDENT CAPACITY FOR THE CONTRACTOR:*** The contractor and its agents, employees, and subcontractors did act in performance of the 31 U.S.C. § 6305 and 45 C.F.R. § 302.34 IV-D contracts under 45 C.F.R. § 303.107 terms in an independent capacity and not as officers, employees or agents of the State of Texas or the CSD.

    e. F.R.C.P. 17 (a)(3)(b)

i.  Quoting Sec. 8 Child Support Enforcement Program p.65 the IV-D program is a [partnership] between the federal government and the states. Pursuant to F.R.C.P. 17 (a)(3)(b), the capacity to sue or be sued is determined as follows: (A) a "partnership" or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws;

ii.  42 U.S.C. § 2000e (a) The term "person" includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, or receivers.

f.  **_RULE 406. HABIT; ROUTINE PRACTICE:_** Evidence of the Defendants habits and routine practices may be admitted to prove that on a particular occasion the wrongdoers acted in accordance with the habit or routine practice. The court may admit this evidence regardless of whether it is corroborated or whether there was an eyewitness.

g.  Under 42 U.S.C. § 1983 Tomasella may sue the wrongdoers for the deprivation of any Rights, Privileges, and Immunities secured by the Constitution and [federal laws]. Any used to refer to one or some of a thing or number of things, no matter how much or many.

h.  This is a 42 U.S.C. § 1983 action for deprivation of Rights under color of law against 45 C.F.R § 75.2 **_contractors masquerading as State and local officials_**.

i.   Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1343 based on 42 U.S.C. §1983 and questions of federal constitutional law. Jurisdiction also exists under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202.

j.   ***LIABILITY:***

    i.   Sec. 1983 allows wrongdoers to be found liable because they acted under color of statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia. The following facts prove that each contractor acted under color of law.

    ii.   Each contractor performed 45 C.F.R. § 302.34 contractual duties under 45 C.F.R. § 303.107 (c) terms and conditions in return for payment by the CSD and did certify that the current IV-D case which now deprives Tomasella of his Rights was established in compliance with provisions of title IV-D of the Social Security Act, Pub. L. No. 93-647, 88 Stat. 2351 42 U.S.C. § 651.

    iii.   IV-D provisions are not law! Quoting the Federal Acquisition Regulations Sec. Federal Acquisition Regulation (FAR) 2.101. Covered Federal action means any of the following actions: Awarding any Federal contract; (4) Entering into any cooperative agreement; (5) Extending, continuing, renewing, amending, or modifying any Federal contract, grant, loan, or cooperative agreement.

    iv.   The word "provision" is legally defined as "foresight" of the "chance" of and "event" happening, sufficient to indicate that any present "undertaking" upon which it's "assumed" realization "might" exert a natural and proper "influence" was "entered" upon in full "contemplation" of it being a future "possibility". Appeal of Blake, 95 Conn. 194, 110 A. 833, 834. Black's Law 4th Rev. Ed. Pg. 1389.

      v.  Title 42, the Public Health and Welfare Code is comprised IV-D of the Social Security Act which is editorially compiled and organized into the title, but title 42 itself has never been enacted into positive law. The distinction is constitutionally significant because a non-positive law title is prima faci (presumed) evidence of law in contrast to 1 U.S.C. § 204 which proves that positive law titles constitute legal evidence of the law in all Federal and State courts.

    k.  Wherefore, the above facts prove the wrongdoers acted under color of law, the appearance or semblance, without the substance, of legal right. State v. Brechler, 185 Wis. 599, 202 N.W. 144, 148; and are now liable to Tomasella under 42 U.S.C. § 1983

21. ***Child Support Division is not a state Agency:***

    a.  Pursuant to 19 Corpus Juris Secundum Corporations, §883; "a federal corporation operating within a State is considered a domestic corporation rather than a foreign corporation. The United States government is a foreign corporation with respect to a state."

    b.  Quoting https://www.acf.hhs.gov/css/about; Families receive services from the local child support office [IN] their state or tribe"; Under the leadership of Commissioner Scott Lekan who states we help IV-D agencies [IN] states and tribes develop, manage, and operate under IV-D according to federal law using effective child support enforcement tools.

    c.  Noticeably, the text is free and clear of any ambiguity and does not mention a State IV-D agency. In accordance with expresio unius est exclusion alterius, the 42 U.S.C. § 654 (3) single and separate unit is not a State agency, it is merely an extension of the 42 U.S.C. § 652 (a) separate unit operating [IN] this State.

22. ***Child Support Division are Co-owners of a business for profit:***

a.  Quoting Section 8 Federal Child Support Enforcement p.65 Audits and Financial Penalties, the IV-D program is a "partnership" between the federal government and the States. A partnership is an association of two or more "persons" to carry on as co-owners a "business for profit". Black's Law Rev. 4th Ed. p.1277. Business is activity or enterprise for gain, advantage which benefits corporations, organizers or its members. Black's Law Rev. 4th Ed. p.249. Profit is gain realized from business or investment over and above expenditures. Black's Law Rev. 4th Ed. p.1367.

b.  The wrongdoers entered into a 31 U.S.C. § 6305 contract with OCSE which now allows them to offer and sell IV-D services in return for a share of billions in profits. Quoting Section 8 Federal Child Support Enforcement p.11 States [must] have plans, approved by the director of OCSE, which set forth the details of their IV-D program; p.65 Failure of a State to have an approved IV-D plan will result in loss of both IV-D and IV-A profits.

c.  See;  www.govinfo.gov/content/pkg/GPO-CPRT-108WPRT108-6/pdf/GPO-CPRT-108WPRT108-6-2-8.pdf; "States still make a "profit" on their child support program. States are free to spend the State "share" of collections in any manner the State sees fit;"

d.  The 42 U.S.C. § 652(a) federal OCSE is the (separate) unit that oversees the national IV-D program. The 42 U.S.C. § 654(3) DCSE is the single, (alone) and separate (apart/by itself) unit that offers and sells IV-D services in return for payment from the OCSE in this State.

e.  At face value the terms profit and share prove that the wrongdoers are seeking to make as much money as possible. The facts prove that IV-D profits are gained from customers factually stated on OCSE'S and CSD's websites. A customer is one who regularly or repeatedly makes purchases or has business dealings with a tradesman or business house. Black's Law Rev. 4th Ed. p.462.

f.  The existence of the U.S. HHS "customer" service plan, the web-based child support customer service for parents promising practices guide and the wrongdoers website which all boasts customer service proves that the IV-D program is in fact a private for-profit business that offers and sells IV-D services to customers. The OCSE required the CSD to reassess its website and consider ways in which the internet can improve IV-D "customer" service.

g.  ***Simply stated Tomasella has the Right to not associate with the tradesman, or business house commonly referred to as the CSD or its contractors, agents, and employees who perform through a fixed contract assignment under federal terms, in contrast to their constitutional creation, duties, and limitations.*** The above facts prove that Tomasella is now compelled to be a customer of the CSD against his will from which wrongdoers gain substantial profits from subjecting him to deprivation of his Rights, Privileges, and Immunities under color of law, and authority, causing him a great deal of emotional stress, significant financial losses, as well as damages to his reputation. In general, Tomasella's freedom of association includes the right to be free from compelled association and is unconstitutionally burdened where the defendants require him to support an espouse ideals or beliefs with which he disagrees.

h.  Each named wrongdoer was involved and was fully aware of what happened, especially because they were individually contractually involved.

23. **FACTS IN SUPPORT OF CLAIM:**

a.  Title 28 U.S.C. § 3002 (15) (A) (B) (C) proves that the United States is a Federal Corporation, not a Government. OCSE is the federal government agency that oversees the national IV-D program. 31 U.S.C. § 102 "executive agency" means a department, agency, or instrumentality in the executive branch of the United States Government. Quoting Section 8 Federal Child Support Enforcement

p.47, However, every federal agency is responsible for responding to a State IV-D program as if the federal agency were a private business. 42 U.S.C. § 3122 (5) the term "federal agency" means a department, agency, or instrumentality of the United States.

b.  Quoting Sec. 8 Child Support Enforcement p.48, Other Provisions; "A February 27, 1995 Executive order established the executive branch of the Federal Government, including its civilian employees and the uniformed services members, as a model employer in promoting and facilitating the establishment and enforcement of child support. The Executive order states that the Federal Government is the Nation's largest single employer and as such should set an example of leadership and encouragement in ensuring that all children are properly supported".

c.  Quoting Sec. 8 Child Support Enforcement p.47. "As under prior law, "federal employees" are subject to income withholding and other actions taken against them by IV-D agencies in the State. IV-D claims are given priority in the allocation of "federal employee" income.

d.  Tomasella is not a federal employee pursuant to 26 C.F.R. § 31.340(c)-1: the term employee includes officers and employees, whether elected or appointed, of the United State, a Federal State, territory, Puerto Rico or any other political subdivision, thereof, the District of Columbia, or any other agency or instrumentality of any of the foregoing. The term also includes an officer of a corporation.

e.  The word federal employee is clear and free from all ambiguity, and its definition cannot be disregarded under the pretext of pursuing its spirit. The rules of statutory construction conclude that what is not explicitly included is purposefully excluded. "Expresio unius est exclusion alterius"— a maxim of

statutory interpretation meaning the expression of one thing is the exclusion of another. Becker v. United States, 451 U.C. 1306 (1981).

    f.   Because Tomasella is not a federal employee by definition the administrative action enforced against him is void on its face for lack of jurisdiction. "The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings." Hagans v. Lavine, 415 U. S. 533. Independent Auditor's Report

24. Defendant (f) "86th District Court Kaufman County, Texas" hereinafter "86th District Court" in "Trial Court Cause No. 61378" sentenced "TODD MICHAEL TOMASELLA, Plaintiff," hereinafter "TODD" to more than sixteen months in jail despite the fact that he was entitled to a trial by jury.

25. TODD has paid $65,531 in cash in child support over the period.

    a.   the Texas Attorney General's office's record of Todd's child support payments shows that Todd paid monthly child support payments, consistently since 1999 during separation, before the official divorce in 2001. And to date Todd has paid the total of $65,531. This further underscore the malice and disdain of the defendants.

26. TODD is a United States Marine veteran and was a business owner (which was ruined) by this illegal and wrongful actions of defendants.

27. TODD was falsely arrested 3 times and is victim of false imprisonment as well as other causes of actions as plead infra and in complaint.

28. TODD was wrongfully incarcerated total for ***595 days [ without jury trial]*** initially for 9 months and again for 7.5 months between 2013-2017 by TX Courts:

    a.   on 4-3-2013 release 10-2-2013

    b.   on 10-5-2013 released 12-23-2013

    c.   on 10-25-2014 – released 6-1-2015

29. Jail Conditions:

    a. For approximately 75 days of the 595 days Todd was incarcerated, he was forced into a 5 x 9 cell for having a rash, something out of his control.

    b. Along with enduring a constant influx and danger of rough jail characters, there were other elements Todd was forced to endure during the 16.5 months of incarceration in the Kaufman County jail.

    c. In one incident, the jail nurse moved Todd to maximum security, seg (segregation, punishment confinement), for appr. 45 days due to a rash Todd contracted while in the Kaufman County jail. The cell was 5 foot by 9 foot. That included the bed, desk, toilet, and sink. Obviously, there was very little room to move around. There was one small window looking out to a cement hall.

    d. In a separate incident, a guard was sent in to ask the inmates in that particular cell a question. When 3 inmates, including Todd answered the simple question, they were moved to seg for punishment. This was for another 30 days in the same conditions listed in paragraphs above.

30. During incarceration TODD was forced to sign "contractual obligation" to pay child support to get a release from Court. Todd was coercively forced to sign an amended order, promising to pay $1,300 per month. Todd was 1 day from finishing 9 months flat in jail and made to believe he could not be released unless he sign this order agreeing to pay $1,300 per month. Keep in mind that Todd was in jail due to not being able to pay the whole $900 per month the defendants ordered. Now, they forced him to agree to pay $400 more per month, coming out into the work world to start fresh, with no job. Todd was unable to pay the $1,300 per month and just as was maliciously planned by the defendants, Todd was falsely arrested again to be jailed for another 7.5 months.

31. The incarceration caused financial ruin and resulted in inability to earn for the period of incarceration. Defendants still charged "child support" for the months of incarceration.

32. TODD alleges that in Texas a "contractual obligation" to pay child support led to unlawful incarceration, unlawful arrest etc., as plead infra.

33. It is these unlawful actions of Defendants et.al. that resulted in TODDs' suffering over 20 years of psychological trauma including the looming, perpetual fear and embarrassment of being arrested, the loss of companionship of my only child, and complete financial ruin, etc.

34. This illegal order was reversed by Justices FitzGerald, Lang, and Myers *"The Court of Appeals Fifth District of Texas"* at Kaufman No. 05-13-01077-CV[5].

In his Opinion by Justice Lang held:

> *Before the Court is relator's petition for writ of habeas corpus relating to the trial court's March 28, 2013 "Order for Writ of Commitment for Todd Michael Tomasella, and Setting of Bond."* **Relator complains that he was wrongfully denied the right to a jury trial. <u>We agree.</u>**
>
> *The trial court's order finds relator guilty of criminal contempt, sentences him to six months plus an additional three months, and orders the sentences to run consecutively. Because relator See Ex parte Sproull, 815 S.W.2d 250, 250 (Tex. 1991). <u>**Real party in interest agrees that relator's sentence for criminal contempt must be set aside.**</u> However, as real party in interest points out, relator was also incarcerated on a finding of civil contempt. Relator has not challenged his sentence for civil contempt, and we do not disturb the trial court's findings or sentence related to civil contempt.*

35. TODD here has "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief.

---

[5] IN RE TODD TOMASELLA, Relator on Appeal from the 86th District Court Kaufman County, Texas Trial Court Cause No. 61378

36. Here TODD [a § 1983 plaintiff] pleads that the conviction or sentence has been reversed on direct appeal to TX COA and pleads to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid.

37. Federal question jurisdiction under 28 U.S.C. § 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'

38. TODD **pleads facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief.**

39. The issue here ***arises after*** the Texas Court of Appeals has corrected the error and decided that Lower Court has given ***illegal order.***

40. Upon information and belief, Sheriff and Local Authorities acted in violation of Texas COA order and still arrested and incarcerated TODD on 2 more occasions in complete violation of 1st order that a person cannot be incarcerated for more than 6 months without jury trial.

41. The County and its employees failed to properly train, hire, control, discipline and supervise employees.

42. The County, Judges and Tx Attorney General failed to establish and maintain a proper policy for dealing with the child support issues, arrears, detainees, prisoners and such other consequential factors which resulted in this injury to TODD.

## CAUSES OF ACTION AGAINST ALL DEFENDANTS
### CIVIL RIGHTS VIOLATION
**[42 U.S.C. §1983, §1988; Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States]**

**Count 1 (Against All Defendants)**

43. Plaintiff re-allege and incorporate all allegations of this Complaint as if fully set forth herein.

44. **The Civil Rights Act, codified as 42 U.S.C. §1983, provides as follows:42 U.S.C. § 1983, which provides:**

>    *Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.*

45. Fourth Amendment: The Fourth Amendment to the US Constitution states: The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

46. Eighth Amendment: The Eighth Amendment to the US Constitution states: Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

47. Fourteenth Amendment:   The Fourteenth Amendment to the US Constitution states: All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

48. TODD alleges each of the following elements of a cause of action under 42 USC §1983 against all defendants (individually and as governmental entity) are:

    a.  Plaintiff is deprived of rights under the United States Constitution;

    b.  Such deprivation is caused by a person acting under color of state law;

    c.  The governmental entity adopted, or failed to adopt, a policy statement, ordinance, regulation or decision adopted and promulgated by the governmental entity's lawmaking officers or by an official to whom the law makers delegate law-making authority or a persistent, widespread practice of officials or employees of the governmental entity which, though not authorized or officially adopted and promulgated, the policy is so common and well settled as to constitute a custom that fairly represents policy of the governmental entity; and

    d.  The governmental entity was deliberately indifferent to the party's constitutional rights.

## Count 2 (Against All Defendants)
## § 1983 DENIAL OF THE RIGHT TO A FAIR TRIAL

49. Plaintiff TODD re-allege and incorporate all allegations of this Complaint as if fully set forth herein.

50. TODD pleads that, the cumulative effect of the TX State Court errors deprived him of a right to a fair trial.

> *We have previously recognized the so-called cumulative error doctrine under which "an aggregation of non-reversible errors (i.e.,* **_plain errors failing to necessitate reversal and harmless errors) can yield a denial of the constitutional right to a fair trial._** *" United States v. Munoz, 150 F.3d 401, 418 (5th Cir. 1999); see United States v. Sepulveda, 15 F.3d 1161, 1195-96 (1st Cir. 1993) (explaining the cumulative error doctrine).*

51. In the present case, this illegal order was reversed by Justices FitzGerald, Lang, and Myers *"The Court of Appeals Fifth District of Texas"* at Kaufman No. 05-13-01077-CV[6].

>  In his Opinion by Justice Lang held:
>
> > *Before the Court is relator's petition for writ of habeas corpus relating to the trial court's March 28, 2013 "Order for Writ of Commitment for Todd Michael Tomasella, and Setting of Bond."* **Relator complains that he was wrongfully denied the right to a jury trial.** <u>**We agree.**</u>

52. In the present case, TODD was denied fair trial by State Court, which was reversed by COA and this **<u>denial of jury trial and incarceration</u>** by Judge [one of the Defendants] is violation of *"Right to Fair Trial"* which is the essence of argument/pleading/injury here at hand.

### Count 3 (Against All Defendants)
### § 1983 FALSE ARREST

53. Plaintiff TODD re-allege and incorporate all allegations of this Complaint as if fully set forth herein.

54. TODD pleads that as the multiple arrests and incarceration was made at the illegal order of the Judge, Attorneys and defendants et.al. are liable for their wrongful actions.

55. "Every confinement of the person is an imprisonment, whether it be in a common prison or in a private house, or in the stocks, or even by forcibly detaining one in the public streets; and when a man is lawfully in a house, it is imprisonment to prevent him from leaving the room in which he is." M. Newell, Law of Malicious Prosecution, False Imprisonment, and Abuse of Legal Process §2, p. 57 (1892) (footnote omitted).

---

[6] IN RE TODD TOMASELLA, Relator on Appeal from the 86th District Court Kaufman County, Texas Trial Court Cause No. 61378

See also 7 S. Speiser, C. Krause, & A. Gans, American Law of Torts §27:2, pp. 940-942 (1990).

**Count 4 (Against All Defendants)**

**FEDERAL LAW CLAIM INVASION OF PRIVACY**

56. Plaintiff TODD re-allege and incorporate all allegations of this Complaint as if fully set forth herein.

57. Texas law recognizes multiple forms of invasion of privacy, each with separate elements. Cain v. Hearst Corp. , 878 S.W.2d 577, 579–80 (Tex. 1994). There are "three distinct injuries under the tort of invasion of privacy: (1) intrusion on seclusion, (2) public disclosure of private facts, and (3) appropriation of name or likeness." James v. Kaufman Police Dep't , No. 3:12-CV-457-N-BN, 2013 WL 607154, at *4 (N.D. Tex. Feb. 4, 2013), adopted by 2013 WL 607153 (N.D. Tex. Feb. 19, 2013) (citing Cain , 878 S.W.2d at 578 ).

58. TODD alleges that he suffered all three distinct injuries under the tort of invasion of privacy:

    a.  intrusion on seclusion,

    b.  public disclosure of private facts, [TODD's name, SSN and business was destroyed by this illegal and wrongful incarceration. Information about TODD was published and made available to public as a felon so much so that TODD lost all this credit and creditability in society] and

    c.  appropriation of name or likeness."

59. The elements of public disclosure of private facts are: "(1) publicity was given to matters concerning one's personal life, (2) publication would be highly offensive to a reasonable person of ordinary sensibilities, and (3) the matter publicized is not of legitimate public concern." Watkins v. Cornell Co., Inc. , No. 3:11-CV-260-M-BN, 2013 WL 1914713, at *8 (N.D. Tex. Mar. 15, 2013), adopted by 2013 WL 1926375 (N.D. Tex.

May 8, 2013) (citing Indus. Found. of the South v. Texas Indus. Accident Bd. , 540 S.W.2d 668, 682 (Tex. 1976) ). "Publicity means that a matter is communicated to the public at large or disseminated to so many people that it becomes public knowledge." Id .

60. TODD alleges that

    a.  publicity was given to matters concerning one's personal life i.e. Child Support calculations, arrears, wrongful arrests etc. TODDs' ex-wife repeatedly brought their child to the Court, was allowed by Court to do so, and left a devastating mark on his son's mind and has permanently, totally alienated parental love and affection;

    b.  this publication was highly offensive to a reasonable person of ordinary sensibilities and totally destroyed TODD's credit and credibility. The sole purpose of child support is to enable person to "earn and pay" child support, whereas the malicious state actions did the complete opposite and totally ended TODDs' earning and

    c.  the matter publicized is not of legitimate public concern.

### Count 5 (Against All Defendants)
### FALSE IMPRISONMENT

61. Plaintiff TODD re-allege and incorporate all allegations of this Complaint as if fully set forth herein.

62. "To prevail on a claim of false imprisonment, a plaintiff must show (1) willful detention by the defendant; (2) without plaintiff's consent; and (3) without authority of law." Gordon v. Neugebauer , 57 F.Supp.3d 766, 780 (N.D. Tex. 2014) (citing Wal–Mart Stores, Inc. v. Rodriguez , 92 S.W.3d 502, 506 (Tex. 2002) ).

63. The initiation of criminal charges against TODD without probable cause did set in force events that run afoul of explicit Constitutional protection — the Fourth

Amendment as TODD was seized and arrested. Such claims of lost Constitutional rights are for violation of rights locatable in Constitutional text, and some such claims may be made under 42 U.S.C. § 1983.

### Count 6 (Against All Defendants)
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

64. Plaintiff TODD re-allege and incorporate all allegations of this Complaint as if fully set forth herein.

65. TODD alleges that

    a.  the defendants acted intentionally or recklessly;

    b.  the defendants conduct was extreme and outrageous;

    c.  the defendants actions caused the plaintiff extreme, ongoing, long term emotional distress; and

    d.  the plaintiff TODDs' emotional distress was and is severe.

66. Under Texas law, the elements to an infliction of emotional distress claim are: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the plaintiff's emotional distress was severe. Geske v. Bank of Am. Home Loans , No. 3:11-CV-2220-M-BK, 2011 WL 6968317, at *4 (N.D. Tex. Dec. 12, 2011), adopted by 2012 WL 75752 (N.D. Tex. Jan. 9, 2012) (citing Tex. Farm Bureau Mut. Ins. Co. v. Sears , 84 S.W.3d 604, 610 (Tex. 2002) ).

67. IIED was intended to be a "'gap-filler' tort, judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." Hoffmann-La Roche, Inc. v. Zeltwanger, 144 S.W.3d 438, 447 (Tex. 2004).

68. In construing this argument, the Fifth Circuit has concluded that where a plaintiff could and did bring other tort and statutory claims, there was "no gap to fill." Wang v. Prudential Ins. Co. of America, 2011 WL 3821019 (5th Cir. 2011)(citing Creditwatch, Inc. v. Jackson, 157 S.W.3d 814, 816 (Tex. 2005) ("Even if other remedies do not explicitly preempt the tort [of IIED], their availability leaves no gap to fill.")).

69. In this case, if TODD does not have other theories of redress (section 2255) the IIED, being "gap-filler" claim is mandated.

<h3 align="center">Count 7 (Against All Defendants)</h3>
<h3 align="center">MALICIOUS PROSECUTION</h3>

70. Plaintiff TODD re-allege and incorporate all allegations of this Complaint as if fully set forth herein.

71. The natural-person Defendants, acting in their individual capacities, falsely arrested and maliciously prosecuted TODD.

72. To act "maliciously" means to intentionally do a wrongful act without just cause or excuse, with an intent to inflict injury, or under circumstances that show an evil intent. To act "sadistically" means to inflict pain on the person for one's own pleasure.

73. Here TODD, pleads that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 has proved that the conviction or sentence **has been reversed on direct appeal** 28 U.S.C. § 2254.

74. TODD here in this § 1983 malicious prosecution action need establish only the elements of common-law malicious prosecution. The initiation of criminal charges against TODD without probable cause did set in force events that run afoul of explicit Constitutional protection — the Fourth Amendment as TODD was seized and arrested. Such claims of lost constitutional rights are for violation of rights locatable in constitutional text, and some such claims may be made under 42 U.S.C. § 1983.

### Count 8 (Against All Defendants)

### Tortious Interference

75. Plaintiff TODD re-allege and incorporate all allegations of this Complaint as if fully set forth herein.

76. The natural-person Defendants tortiously interfered with the "Personal", "Interference with Parent/Child Relationship" and "Business" relationships of TODD.

77. TODD brings tortious interference claims against these Defendants strictly in their individual capacities.

78. Notwithstanding any other provision in this complaint, TODD does not assert state-law claims against any government Defendants or persons acting in an official capacity.

### Count 9 (Against All Defendants)

### Civil Conspiracy

79. Plaintiff TODD re-allege and incorporate all allegations of this Complaint as if fully set forth herein.

80. The natural-person Defendants, acting in their individual capacities, participated in a civil conspiracy to engage in the unlawful acts listed above.

### Count 10 (Against All Defendants)

### Racketeer Influenced and Corrupt Organizations Act

81. Plaintiff TODD re-allege and incorporate all allegations of this Complaint as if fully set forth herein.

82. Finally, for the plaintiff to prevail under RICO, TODD must prove by a preponderance of the evidence that the defendant's RICO violations were the "proximate cause" of injury to the plaintiff's business or property.

83. TODD alleges that he suffered an injury to his business or property and that the injury was caused by reason of the defendants' violation of RICO.

84. TODD alleges that an injury or damage was proximately caused by Defendants when their actions played a substantial part in bringing about or actually causing injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act.

85. TODD [A person] was injured in his business when he suffers loss of money or profits or a reduction in the value or worth of his business.

86. A finding that the TODD was injured in his business or property because of the defendant's violation of RICO requires only that Jury / Court finds that the plaintiff was harmed by the predicate acts of Defendants.

87. TODD alleges that injury to the TODDs' business or property was caused by reason of the defendants violation of RICO, and Court/ Jury finds that the injury to the plaintiff was caused by, and was a direct result of the defendants violation of either Section 1962(a) or (b) or (c).

88. TODD alleges that the commission of the acts of racketeering, or the pattern of racketeering activity, or the conduct of the affairs of the Defendants through the pattern of racketeering activity directly resulted in the injury or played a substantial role in producing the injury.

## Count 11 (Against All Defendants)
### DAMAGES

89. Based upon the operative facts pleaded above, such acts and omissions rise to the level of deliberate indifference and conscious indifference constituting a violation of the Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States for which Plaintiff seek recovery.

90. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, jointly and severally, constitute a direct and proximate cause of the injuries and damages set forth herein. As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff have suffered, and will continue to suffer damages in an amount to be proved at trial.

91. As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff have suffered, and will continue to suffer, generally loss of earning capacity, loss of earnings, loss of benefits, loss of inheritance, physical, mental, and psychological damages in the form of extreme and enduring worry, grief, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress in amounts within the jurisdictional limits of this Court, to be proved at trial.

92. In acting as alleged above, Defendants acted maliciously, fraudulently, despicably, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiffs' rights. Plaintiff are entitled to recover punitive damages from Defendants in amounts to be proved at trial.

93. Non-governmental Defendants are vicariously liable for their employees, supervisors, officials, representatives and all those acting in concert with them.

94. TODD suffered immensely due to his repeated incarceration and damages are sought under 42 U.S.C. Section 1983.

95. The Defendants took such acts and omissions in a way that not only shocks the conscience but satisfies the criteria for punitive damages as set out by law and as contemplated by 42 USC §1983.

96. Plaintiff is entitled to reasonable attorneys' fees, expenses and costs of suit as provided for by 42 U.S.C. § 1988(b). Plaintiff request that the Court and jury award their attorneys' fees and expenses.

## JURY DEMAND

97. Pursuant to Federal Rule of Civil Procedure 38(b) Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

98. WHEREFORE, Plaintiff requests that the Court:

99. Enter judgment and award damages for Plaintiff against Defendants, jointly and severally;

100.      Find that Plaintiff is the prevailing party in this case and award attorneys' fees and costs and all litigation expenses, pursuant to federal and state law, as noted against defendants, jointly and severally;

101. Award Pre- and post-judgement interest;

102. Award Punitive damages against all individually named and non-governmental defendants and for Plaintiff; and

103. Award costs of court;

104. Grant such other and further relief as appears reasonable and just, to which, Plaintiff shows themselves entitled.

105. WHEREFORE, because wrongdoers acted under color of law for profit, to set right the above unconstitutional deprivations, this Court must enter judgment in Tomasella's favor to terminate the current private for profit contractually enforced IV-D Case effective immediately to end the peonage and deprivations of his Rights; Enter judgment in his favor for a full refund of $68,000.00, accompanied with the CSD's 66 percent profit, Kaufman County's 34 percent share of federal profits at eight percent interest; Enter judgment in his favor to remove any and all negative reporting to all credit bureau's affecting his private person and professional credit reputation; Enter judgment in his favor for $1900.00 against each wrongdoer for the cost of this action; Enter judgment in his favor for a letter of apology from each wrongdoer; Enter judgment in his favor for punitive damages for the deprivations and violations of his

secured Rights, Privileges and Immunities in the amount of $250,000,000.00 against wrongdoers for actual general, special compensatory damages.

106. Defendants must be asked to expunge wrongful/ illegal records and remove wrongful information from TODDs' credit bureau and/or credit agencies.

## CERTIFICATION OF CLOSING

107. Under Federal Rules of Civil Procedure 11, by signing below I certify to the best of my knowledge, information, and belief that this complaint (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law, or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

108. Tomasella is proceeding in propria persona without a BAR member

109. I agree to provide the Clerk's Office with any changes in my address where case—related papers may be served. I comprehend that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

**TODD MICHAEL TOMASELLA,**

**Plaintiff**

## CERTIFICATE OF SERVICE

On 06/25/2020 I filed the "foregoing document" with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5 (b)(2).

**Signature**

**TODD MICHAEL TOMASELLA,**

**Plaintiff**