IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TODD MICHAEL TOMASELLA §<br>　*Plaintiff*, §<br>§<br>v. §<br>§<br>DIVISION OF CHILD SUPPORT, §<br>ET AL; §<br>　*Defendants.* § | Case No. 3:20-cv-00476-S-BH |

**BRIEF IN SUPPORT OF JUDGE BLAIR'S FIRST AMENDED MOTION TO DISMISS**

## TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................... ii

TABLE OF AUTHORITIES ............................................................................................. iii

INTRODUCTION ............................................................................................................... 1

STANDARD OF REVIEW ................................................................................................. 1

ARGUMENT AND AUTHORITIES ................................................................................. 2

    A.    Plaintiff lacks Standing to Bring This Lawsuit ............................................. 2

    B.    Claims against Judge Blair are barred by Judicial Immunity ...................... 3

    C.    Plaintiff's Lawsuit is Barred by the *Rooker-Feldman* Doctrine .................. 4

    D.    The *Younger* Abstention Doctrine ............................................................... 6

    E.    Plaintiff Fails to State a Claim for Which Relief May Be Granted ............. 8

        1. Limitations .................................................................................................. 8

        2. Equitable Relief is Unavailable ................................................................. 9

        3. No prima facie case .................................................................................. 10

            a. Constitutional Claims ........................................................................ 10

            b.  RICO ................................................................................................. 10

            c. Federal and State Torts ..................................................................... 11

CONCLUSION .................................................................................................................. 12

CERTIFICATE OF SERVICE ......................................................................................... 13

## TABLE OF AUTHORITIES

Cases

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) .......................................................................................................... 2

*Ballard v. Wilson*,
 856 F.2d 1568 (5th Cir.1988) ........................................................................................... 7

*Banargent v. Texas Court of Criminal Appeals*,
  2010 WL 2430766 (W.D. Tex. June 15, 2010) ................................................................ 3

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) .......................................................................................................... 2

*Bhalli v. Methodist Hosp.*,
 896 S.W.2d 207 (Tex.App.-Houston 1995) ...................................................................... 9

*Bogney v. Jones*,
  904 F.2d 272 (5th Cir.1990) ............................................................................................. 3

*Boyd v. Biggers*,
  31 F.3d 279 (5th Cir. 1994) .............................................................................................. 3

*Casterline v. Indy Mac/One W.*,
  761 F. Supp. 2d 483 (S.D. Tex. 2011) .............................................................................. 9

*Davis–Lynch, Inc. v. Moreno*,
 667 F.3d 539 (5th Cir.2012) ..................................................................................... 10, 11

*DeSpain v. Johnston*,
 731 F.2d 1171 (5th Cir. 1984) .......................................................................................... 7

*District of Columbia Court of Appeals v. Feldman*,
  460 U.S. 462 (1983) .......................................................................................................... 4

*Elliot v. Foufas*,
 867 F.2d 877 (5th Cir.1989) ........................................................................................... 10

*Estate of Merkel v. Pollard*,
 354 Fed.Appx. 88 (5th Cir. 2009) ..................................................................................... 7

*Exxon Mobil Corp. v. Saudi Basic Indus.*,
 544 U.S. 280 (2005) .......................................................................................................... 4

*Fernandez-Montes v. Allied Pilots Ass'n*,
  987 F.2d 278 (5th Cir. 1993) ............................................................................................ 2

*Fernandez-Montes v. Allied Pilots Ass'n*,
  987 F.2d 278 (5th Cir. 1993). ........................................................................................... 2

*Fox v. Mississippi*,
  551 Fed. Appx. 772 (5th Cir.2014) ................................................................................... 1

*Gaines v. Tex. Tech Univ.*,
   965 F.Supp. 886 (N.D.Tex.1997) .................................................................................................. 1

*Goren v. New Vision Int'l*,
   156 F.3d 721 (7th Cir.1998) ........................................................................................................ 11

*Heck v. Humphrey*,
   512 U.S. 477 (1994) .................................................................................................................... 11

*Hicks v. Bexar Cty.*,
   Tex., 973 F.Supp. 653 (W.D. Tex. 1997) ..................................................................................... 3

*Home Builders Assoc. of Mississippi, Inc. v. City of Madison*,
   143 F.3d 1006 (5th Cir. 1998) ...................................................................................................... 2

*Hunter v. Price*,
   No. A-15-CV-405-LY, 2015 WL 2454118 (W.D. Tex. May 21, 2015) ................................... 10

*In re MasterCard Int'l Inc.*,
    313 F.3d 257 (5th Cir.2002) ...................................................................................................... 11

*Jones v. Fountain*,
   121 F.Supp.2d 571 (E.D.Tex.2000) .............................................................................................. 9

*Kugler v. Helfant*,
    421 U.S. 117 (1975) ..................................................................................................................... 7

*Landry v. Air Line Pilots Ass'n Int'l*,
   901 F.2d 404 (5th Cir.1990) ....................................................................................................... 11

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ...................................................................................................................... 2

*Machetta v. Moren*,
   726 Fed.Appx. 219 (5th Cir. 2018) ............................................................................................ 10

*Marlett v. Heath*,
   No. 3:18-CV-2812-M-BN, 2018 WL 5723163 (N.D. Tex. Oct. 23, 2018) ................................ 7

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n*
   457 U.S. 423 (1982) ...................................................................................................................... 6

*Mills v. Polar Molecular Corp.*,
   12 F.3d 1170 (2d Cir.1993) ........................................................................................................ 11

*Mireles v. Waco*,
    502 U.S. 9 (1991) ......................................................................................................................... 3

*Moore v. Sims*,
   442 U.S. 415 (1979) ................................................................................................................. 7, 8

*Morris v. Mekdessie*,
   768 Fed. Appx. 299 (5th Cir. 2019) ........................................................................................... 11

*Pierson v. Ray*,
   386 U.S. 547 (1967) ...................................................................................................................... 3

*Plotkin v. IP Axess Inc.*,
   407 F.3d 690 (5th Cir.2005) ............................................................................................... 2

*Rogers v. McDorman*,
   521 F.3d 381(5th Cir.2008) ............................................................................................... 9

*Rooker v. Fidelity Trust Co.*,
   263 U.S. 413 (1923)........................................................................................................... 4

*Santoro v. Cty. of Collin, Texas*,
   No. 4:18-CV-00660-ALM-CAN, 2019 WL 5692185 (E.D. Tex. Aug. 16, 2019)..................... 3

*Smithback v. Texas*,
   2007 WL 1518971 (N.D.Tex. May 24, 2007) ......................................................................... 3

*Sprint Commc'ns, Inc. v. Jacobs*,
    571 U.S. 69 (2013)............................................................................................................ 6

*Tomasella v. Div. of Child Support*,
   No. 3:19-CV-771-N-BN, 2019 WL 2165744 (N.D. Tex. Apr. 29, 2019) ................................ 5

*United States v. Shepherd*,
   23 F.3d 923 (5th Cir. 1994) ............................................................................................... 4

*Weaver v. Tex. Capital Bank, N.A.*,
   660 F.3d 900 (5th Cir. 2011) ............................................................................................. 4

*Whitmore v. Arkansas*,
   495 U.S. 149 (1990)........................................................................................................... 2

*Whitt v. Stephens Cnty.*,
   529 F.3d 278 (5th Cir. 2008) ............................................................................................. 8

*Wightman v. Tex. Supreme Ct.*,
   84 F.3d 188 (5th Cir. 1996) ............................................................................................... 6

*Younger v. Harris*,
    401 U.S. 37 (1971)............................................................................................................ 6

**Statutes**

FED. R. CIV. P. 12(b) (1) and (6).................................................................................................. 1

FED. R. CIV. P. 12(b)(1)..................................................................................................... 1, 6, 8

FED. R. CIV. P. 12(b)(6)..................................................................................................... 1, 4, 8

TEX. CIV. PRAC. & REM. CODE § 16.003(a) ............................................................................... 9

TO THE HONORABLE KAREN GREN SCHOLER:

NOW COMES Defendant Judge Casey Blair ("Judge Blair"), and files this Brief in Support of his First Amended Motion to Dismiss pursuant to FED. R. CIV. P. 12(b) (1) and (6).

# I.
# INTRODUCTION

Todd Tomasella ("Plaintiff") filed a First Amended Complaint naming Judge Blair *in his individual capacity only*[1] as defendant. (Doc. 60, p. 1, ¶ 2). Plaintiff's claims against Judge Blair are entirely based on Judge Blair's judicial decisions in a state court child support proceeding against Plaintiff. (Doc. 60). Plaintiff claims a violation of his rights under the U.S. Constitution, state torts, and apparently the suggestion of a RICO violation. (Doc. 60).

Plaintiff's claims against Judge Blair must be dismissed because:

1. Plaintiff lacks standing to bring claims against Judge Blair;

2. Claims against Judge Blair are Barred by the Judicial Immunity;

3. Plaintiff's claims are barred by the *Rooker-Feldman* doctrine;

4. In the alternative, Plaintiff's claims are barred by the *Younger* doctrine; and

5. Plaintiff fails to state a claim upon which relief may be granted.

# II.
# STANDARD OF REVIEW

A complaint must be dismissed if the court lacks subject matter jurisdiction over the plaintiff's claim, FED. R. CIV. P. 12(b)(1), or if the plaintiff fails to state a claim upon which relief may be granted, FED. R. CIV. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(1) is analyzed

---

[1] If Plaintiff sought to bring official capacity claims, those would be barred by state sovereign immunity under the Eleventh Amendment. *See, e.g., Fox v. Mississippi*, 551 Fed. Appx. 772, 774–75 (5th Cir.2014) (per curiam) (holding, inter alia, that Eleventh Amendment barred claims under §§ 1983 and 1985 against state, district that was agency of state, and individuals sued in their official capacities); *Gaines v. Tex. Tech Univ.*, 965 F.Supp. 886, 889 (N.D.Tex.1997) (RICO claims barred by Eleventh Amendment immunity);

*Brief in Support of Judge Blair's Motion to Dismiss*                                                            1

under the same standard as under rule 12(b)(6). *See Home Builders Assoc. of Mississippi, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998).  To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc*., 407 F.3d 690, 696 (5th Cir.2005); *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations").  "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice" to save a complaint from dismissal.  *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

### III.
### ARGUMENT AND AUTHORITIES

**A.    Plaintiff lacks Standing to Bring This Lawsuit**

"[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke jurisdiction must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990). Standing requires plaintiffs to demonstrate they have suffered an "injury in fact," that is "fairly traceable" to the defendant's conduct, and that will "likely … be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Plaintiff's pleadings present no injury particularized to Plaintiff that is "fairly traceable" to the conduct of Judge Blair. (Doc. 60). Plaintiff has provided an affidavit conclusively proving that

2

a different judge[2] setting his child support and ordering him to jail for failure to pay child support. (Doc. 3, pp. 27 and 30). Indeed, in his First Amended Complaint, Plaintiff makes no specific factual allegation whatsoever involving Judge Blair other than that "Defendant Judge Casey Blair is the 86th District Kaufman County Judge." (Doc. 60, p. 3, ¶ 10).

Further, monetary relief (the only relief sought by Plaintiff) is not available against Judge Blair because Judge Blair, has Judicial Immunity from Plaintiff's suit, as discussed *infra*.

**B.      Claims against Judge Blair are barred by Judicial Immunity**

"The federal civil rights laws do not provide a vehicle to attack state court judgments nor to sanction the conduct of state court judges for actions taken within the scope of their judicial authority." *Hicks v. Bexar Cty.*, Tex., 973 F.Supp. 653, 667-72 (W.D. Tex. 1997), citing *Bogney v. Jones*, 904 F.2d 272, 274 (5th Cir.1990). Judges are immune from suit for damages resulting from any judicial act. *Mireles v. Waco*, 502 U.S. 9, 11–12, (1991). This immunity is so pervasive that it bars suit for claims far more significant than the allegations raised in this litigation, applying even when a judge is accused of acting maliciously and corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). This immunity can be overcome only by demonstrating that the conduct complained of was non-judicial or by showing that the conduct was "in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

---

[2] To the extent Plaintiff might seek to bring claims against the 86th District Court of Kaufman County, this Court could provide no redressability because the 86th District Court is not a legal entity capable of being sued. *See, e.g., Smithback v. Texas*, 2007 WL 1518971 (N.D.Tex. May 24, 2007); *Banargent v. Texas Court of Criminal Appeals*, 2010 WL 2430766 (W.D. Tex. June 15, 2010); *Santoro v. Cty. of Collin, Texas*, No. 4:18-CV-00660-ALM-CAN, 2019 WL 5692185, at *9 (E.D. Tex. Aug. 16, 2019), *report and recommendation adopted*, No. 4:18-CV-660, 2019 WL 4686361 (E.D. Tex. Sept. 26, 2019).

Although Plaintiff has not identified any actions alleged to have been taken by Judge Blair, the only possible actions would have been Judge Blair's presiding over the state court litigation, which is plainly the exercise of a judicial function.

Because Plaintiff's claims are barred by Judicial Immunity, Judge Blair is entitled to dismissal of those claims. FED. R. CIV. P. 12(b)(6).

**C.** **Plaintiff's Lawsuit is Barred by the *Rooker-Feldman* Doctrine**

Despite Plaintiff's suggestion (Doc. 60, p. 4), Plaintiff's claims have already been dismissed (Doc. 15-1) based on the *Rooker-Feldman* doctrine[3], and should be dismissed on that basis again. The *Rooker-Feldman* doctrine bars a federal court from entertaining collateral attacks on state court judgments. *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994). The *Rooker-Feldman* doctrine divests federal district courts of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 281 (2005). "If the district court is confronted with issues that are 'inextricably intertwined' with a state judgment, the court is 'in essence being called upon to review the state-court decision,' and the originality of the district court's jurisdiction precludes such a review." *Id*. (citing *Feldman*, 460 U.S. at 482); *see also Weaver v. Tex. Capital Bank, N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (per curiam).

Judge Blair asks this Court to take judicial notice of the fact that Plaintiff has previously brought a lawsuit against Judge Blair and the other defendants regarding this matter, and that lawsuit was dismissed because it was barred by the *Rooker-Feldman* doctrine. *Tomasella v. Div.*

---

[3] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923) (the jurisdiction of the District Court "is strictly original"); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 & 482 (1983) ("a United States District Court has no authority to review final judgments of a state court in judicial proceedings").

4

*of Child Support*, No. 3:19-CV-771-N-BN, 2019 WL 2165744, at *2 (N.D. Tex. Apr. 29, 2019) (Tomasella's claims, rooted in state family court proceedings, implicate the *Rooker-Feldman* doctrine and , *report and recommendation adopted*, No. 3:19-CV-771-N, 2019 WL 2161856 (N.D. Tex. May 17, 2019)   Indeed, despite Plaintiff's efforts to argue otherwise, "None of these assertions change the conclusion that this lawsuit is barred by the *Rooker-Feldman* doctrine." *Id*., at *4.  A copy of the Report and Recommendation is already in the Court's record.  (Doc. 15-1).

As the Court recognized in Plaintiff's 2019 lawsuit, Plaintiff is again asking that this Court review the state court child support proceedings and determine that the orders and judgments entered in those state court proceedings were incorrect.  Plaintiff makes it clear by repeatedly complaining of the injuries caused by the state court orders entered, for example:

- Todd signed "an amended order, promising to pay $1,300 per month." (Doc. 60, p. 16, ¶ 30);

- Plaintiff was jailed for failing to pay the "$900 per month the defendants ordered." (Doc. 60, p. 16, ¶ 30);

- Plaintiff complains of an order reversed on appeal" (Doc. 60, p. 17, ¶ 34); and

- Plaintiff "pleads that as the multiple arrests and incarceration was made at the illegal order of the Judge" (Doc. 60, p. 21, ¶ 54).

Previously, Plaintiff admitted that "I was ordered to go to jail" (Doc. 3, p. 40) and was ordered to pay his ex-wife's attorney fees. (Doc. 3, p. 42).  Plaintiff also complained about Judge Blair holding a child support hearing, to which Plaintiff admits he did not attend.  (Doc. 3, p. 31). After Plaintiff refused to attend, a warrant was issued for his arrest.  (Doc. 3, p. 30).

Simply put, Plaintiff is trying to relitigate years of his state court child support litigations in federal court.  Again.  (Doc. 15-1).  Plaintiff's claims could not be more "inextricably

5

intertwined" than asking this Court to review fourteen years of family court orders and judgments. Every aspect of his claims against Judge Blair revolve around state court judgments to establish and enforce child support.

Accordingly, Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine. Judge Blair is entitled to dismissal of Plaintiff's claims against her, pursuant to FED. R. CIV. P. 12(b)(1).

**D.     The *Younger* Abstention Doctrine**

In the alternative, to the extent that Plaintiff complains of ongoing state court proceedings, his claims are barred by the *Younger* abstention doctrine.

The Supreme Court established a doctrine of mandatory abstention for federal courts in *Younger v. Harris*, 401 U.S. 37 (1971). In that case, the Supreme Court required that a federal court abstain from enjoining a pending state criminal proceeding. *Younger*, 401 U.S. 37. In *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, the Court applied *Younger* "to non-criminal judicial proceedings when important state interests are involved." 457 U.S. 423, 432 (1982). Civil enforcement proceedings, including disciplinary actions brought professional licensing boards, and "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions" are within the *Younger* abstention doctrine. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013).

The Fifth Circuit has held that *Younger* and *Middlesex* require federal courts to abstain where: (1) the dispute involves an "ongoing state judicial proceeding," (2) an important state interest in the subject matter of the proceeding must be implicated, and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Ct.*, 84 F.3d 188, 189 (5th Cir. 1996). In this case, *Younger* abstention is proper.

With respect to the first prong of the test, Plaintiff specifically asks this Court "to terminate the current" child support case in state court and refund the child support that was collected as a

6

result of the child support judgment. (Doc. 60, p. 29, ¶ 105). Previously, Plaintiff admitted that there is an ongoing state court enforcement action to collect child support that he allegedly owes. (Doc. 3, p. 35) ("Becky Tomasella, Michael Mowla, and judge Casey Lee Blair (86th District court) are still pursuing me like a wild animal to collect $58,000 dollars in overcharged 'child support' ").

For the second prong, it is unquestioned that "family and child custody are important state interests as a matter of law". *Moore v. Sims*, 442 U.S. 415, 434 (1979) (recognizing that family and child custody matters satisfy the second prong of the *Younger* doctrine). Indeed, "[f]amily relations are a traditional area of state concern." Id. at 435; s*ee also Estate of Merkel v. Pollard*, 354 Fed.Appx. 88, 94 (5th Cir. 2009). Child support is also an important state interest to which Younger applies. *See, e.g., Marlett v. Heath*, No. 3:18-CV-2812-M-BN, 2018 WL 5723163, at *3 (N.D. Tex. Oct. 23, 2018), *rec. adopted*, No. 3:18-CV-2812-M, 2018 WL 5717431 (N.D. Tex. Oct. 31, 2018) (abstaining under *Younger* from ruling on father's challenge to California state actions that allegedly violated Texas child support and custody order).

For the third prong of the test, to overcome the presumption in favor of abstention, Plaintiff must show that he had *no opportunity* to litigate the federal issue in state court. *DeSpain v. Johnston*, 731 F.2d 1171, 1178 (5th Cir. 1984). As a matter of law, "Texas law is apparently as accommodating as the federal forum .... [A]bstention is appropriate unless state law *clearly bars the interposition of the constitutional claims*." *Moore*, 442 U.S. at 425-26 (emphasis added). Plaintiff has a full opportunity to raise his constitutional challenges in the Texas state courts. *See DeSpain*, at 1176; *see also Kugler v. Helfant*, 421 U.S. 117, 124 (1975).

Finally, in implementing the *Younger* policy of non-interference, federal courts must focus upon the practical impact of any potential ruling. *See Ballard v. Wilson*, 856 F.2d 1568, 1570 (5th Cir.1988). Accordingly, the Fifth Circuit has stated that "we cannot ignore the fact that any

injunction or declaratory judgment issued by a federal court would affect the course and outcome of the pending state proceedings." *Id*. at 1570. Plaintiff's lawsuit is oriented toward vacating state court child support orders and impeding any pending state court proceedings. (Doc. 60, p. 29). Impeding state court family law proceedings is precisely what the Supreme Court confronted in the *Moore v. Sims* case, and that Court determined that such cases should be dismissed. *Moore*, 442 U.S. at 435 ("We reverse the judgment of the District Court and remand with instructions that the complaint be dismissed").

This case meets each element of the *Younger* analysis, and as a result, unless Plaintiff can demonstrate specific facts to fall within an exception, this Court is required to abstain from entertaining the lawsuit. Because Plaintiff fails to do so, as a matter of law, the State of Texas is entitled to dismissal of Plaintiff's lawsuit in its entirety, pursuant to FED. R. CIV. P. 12(b)(1).

### E. Plaintiff Fails to State a Claim for Which Relief May Be Granted

As a matter of law, Plaintiff has failed to state a claim against Judge Blair, and claims against Judge Blair must be dismissed, pursuant to FED. R. CIV. P. 12(b)(6).

**1. Limitations**

Almost all of the claims brought by Plaintiff are barred by limitations. Plaintiff filed his lawsuit on February 25, 2020. (Doc. 3).

Plaintiff complains of being arrested in 2013 and 2015. (Doc. 60, p. 15, ¶ 28). Although he omits these facts in his First Amended Complaint, Plaintiff previously complained of child support and ad litem fees ordered in 2002 (Doc. 3, p. 27) and specified that the increase in his child support (Doc. 60, p. 16, ¶ 30) was ordered increased in 2013. (Doc. 3, p. 31).

Plaintiff's federal claims, brought under 42 U.S.C. § 1983, are subject to a two-year limitations period. *See Whitt v. Stephens Cnty.*, 529 F.3d 278, 282 (5th Cir. 2008) (§ 1983

8

limitations period in Texas is two years). Under federal law "claims for false arrest accrue on the date of the arrest" and have a two-year limitations period. *Jones v. Fountain*, 121 F.Supp.2d 571, 573 (E.D.Tex.2000).  The same is true of a claim under the Privacy Act. See 5 U.S.C. § 552a(g)(5); *Rittgers v. United States*, 131 F. Supp. 3d 644, 651 (S.D. Tex. 2015). Further, under Texas law, "the applicable limitations period for a claim of intentional infliction of emotional distress is two years from the accrual of the cause of action." *Casterline v. Indy Mac/One W.*, 761 F. Supp. 2d 483, 491 (S.D. Tex. 2011)*, citing Bhalli v. Methodist Hosp.,* 896 S.W.2d 207, 211 (Tex.App.-Houston 1995); *see also* TEX. CIV. PRAC. & REM. CODE § 16.003(a).

Finally, Civil RICO claims are subject to a four-year statute of limitations. *See Rogers v. McDorman*, 521 F.3d 381, 387(5th Cir.2008).

In this lawsuit, ALL of Plaintiff's claims are barred by limitations. (Doc. 60).

   **2. Equitable Relief is Unavailable**

Injunctive relief is not available as a matter of law. To the extent that Plaintiff wants this Court to direct Judge Blair to vacate state court orders and to dismiss pending state court litigations, such relief is unavailable as to a state court judge as a matter of law.  Plaintiff "cannot obtain [any] requested [declaratory or injunctive] relief because federal courts have no authority to direct state courts or their judicial officers in the performance of their duties." *LaBranche v. Becnel*, 559 Fed.Appx. at 291.

Further, Plaintiff brings his federal claims under 42 U.S.C. § 1983. (Doc. 1, page 2). That statute, in pertinent part, reads:

> except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, <u>injunctive relief shall not he granted unless a declaratory decree was violated or declaratory relief was unavailable</u>.

42 U.S.C. § 1983 (emphasis added). Plaintiff has not alleged that a decree was violated or alleged facts to suggest that declaratory relief was unavailable.

9

Courts frequently dismiss lawsuits like this one as "frivolous," and this Court should do the same. *See, e.g., Machetta v. Moren*, 726 Fed.Appx. 219, 221 (5th Cir. 2018); *Hunter v. Price*, No. A-15-CV-405-LY, 2015 WL 2454118, at *3 (W.D. Tex. May 21, 2015) ("Hunter's complaint should be dismissed with prejudice as frivolous and Hunter should be denied any further relief").

   3. **No prima facie case**

Plaintiff has not sufficiently pled facts to support the elements of any claim against Judge Blair. Indeed, Plaintiff does not attribute any factual allegation to Judge Blair in his First Amended Complaint, other than the acknowledgment that Judge Blair is the presiding judge of the 86 District Court of Kaufman County. (Doc. 60, p. 3, ¶ 10).

   a. **Constitutional Claims**

Although he apparently tries to seek liability on the part of Judge Blair for various claims under the U.S. Constitution by identifying "all defendants," Plaintiff has not alleged facts to evade dismissal under Rule 12(b)(6). Although Plaintiff identifies the First, Fourth, Sixth, Eighth, Thirteenth and Fourteenth Amendments (Doc. 60, pp. 18-22) as the basis for his claims, he does not allege facts from which the Court could infer liability on Judge Blair for ANY of these.

   b. **RICO**

"To demonstrate a civil RICO conspiracy, a claimant must show that: (1) two or more persons agreed to commit a substantive RICO offense, and (2) the defendant knew of and agreed to the overall objective of the RICO offense." *Davis–Lynch, Inc. v. Moreno*, 667 F.3d 539, 551 (5th Cir.2012). "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations, which establish the existence of an enterprise." *Elliot v. Foufas*, 867 F.2d 877, 881 (5th Cir.1989) A RICO enterprise "(1) must have an existence separate and apart from the pattern of racketeering, (2) must be an ongoing organization and (3)

10

its members must function as a continuing unit shown by a hierarchical or consensual decision making structure." *Landry v. Air Line Pilots Ass'n Int'l*, 901 F.2d 404, 433 (5th Cir.1990).

"[A] RICO plaintiff must plead specified facts as to each defendant. It cannot avoid Rule 12(b)(6) by 'lumping together the defendants.' " *In re MasterCard Int'l Inc.*, 132 F.Supp.2d at 476 (quoting *Goren v. New Vision Int'l*, 156 F.3d 721 (7th Cir.1998) (citing *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir.1993) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.' "))), *aff'd, In re MasterCard Int'l Inc.*, 313 F.3d 257, 263 (5th Cir.2002). Because Plaintiff has not alleged predicate acts of "racketeering activity" by Judge Blair, he has not stated a claim against Judge Blair. *Davis–Lynch, Inc.*, at 552.

Plaintiff's does not meet this minimum burden of pleading with respect to Judge Blair.

### c. Federal and State Torts

Plaintiff fails to allege facts from which the Court could infer liability against Judge Blair, even if these claims were not all barred by judicial immunity. In fact, the facts previously alleged conclusively disprove his legal theories for recovery. (Doc. 3). Plaintiff was aware of the judicial decisions, and although he did not like them, he was not fraudulently induced by Judge Blair, ever. He was not falsely arrested or imprisoned by Judge Blair. In fact, the claims are non-starters if, as here, the underlying state court actions did not terminate in Plaintiff's favor. *See Morris v. Mekdessie*, 768 Fed. Appx. 299, 301 (5th Cir. 2019), citing *Heck v. Humphrey*, 512 U.S. 477, 484 (1994).

Plaintiff just doesn't like the decisions of Judge Blair. Plaintiff's dissatisfaction does not create an actionable claim against the judge in his state court child support litigation.

## CONCLUSION

This Court should dismiss Plaintiff's claims against Judge Blair as described hereinabove. The claims in this litigation are frivolous, jurisdictional barriers prohibit Plaintiff's suit, Judge Blair has Eleventh Amendment immunity to Plaintiff's claims, and Plaintiff has failed to state a claim on which relief may be granted.

WHEREFORE, Defendants Judge Blair prays that Plaintiff takes nothing by his suit.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief - General Litigation Division

/s/ Scot M. Graydon
SCOT M. GRAYDON
Assistant Attorney General
Texas Bar No. 24002175
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Scot.Graydon@oag.texas.gov

*ATTORNEYS FOR DEFENDANT JUDGE CASEY BLAIR*

## CERTIFICATE OF SERVICE

  I certify that a copy of the above *Brief in Support of Judge Blair's First Amended Motion to Dismiss* was served on the **12th day of January 2021**, upon all parties who have entered an appearance, using the CM/ECF system and upon the following individual by Certified Mail, Return Receipt Requested and via regular mail:

  Todd Michael Tomasella         *Pro Se Plaintiff*
  9201 Warren Pkwy #200
  Frisco, TX 75035
  Via Certified Mail: 7017 2680 0000 5255 0150


              /s/ Scot M. Graydon
              **SCOT M. GRAYDON**
              Assistant Attorney General