IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TODD MICHAEL TOMASELLA on behalf of the ESTATE OF TODD MICHAEL TOMASELLA, | § § § § | |
| Plaintiffs, | § § | NO. 3:20-CV-0476-S |
| v. | § § | |
| WARREN K. PAXTON, JR. KAUFMAN COUNTY TEXAS, DIVISION OF CHILD SUPPORT, KAUFMAN COUNTY CHILD SUPPORT, 88TH DISTRICT COURT, RUTH BLAKE, CASEY BLAIR, BRYAN W. BEAVERS, | § § § § § § § | |
| Defendants. | § | |

### DEFENDANTS' BRYAN BEAVERS AND RHONDA HUGHEY'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

COME NOW, Bryan Beavers and Rhonda Hughey (collectively, "Defendants" or "Beavers" and "Hughey," individually), by and through their counsel of record and file this Motion to Dismiss Plaintiff's Amended Complaint filed on December 31, 2020 [Dkt. #60], and in support thereof state as follows:

### INTRODUCTION

This *pro se* case was filed on February 25, 2020. Defendants Bryan Beavers, the Sheriff of Kaufman County, Texas and Rhonda Hughey, the Clerk of the District Court, filed a Motion to Dismiss on April 10, 2020 [Dkt. Nos. 27 & 28]. The Motion succinctly stated that (1) limitations had run on any claims that might legitimately be directed at these Defendants; (2) the Complaint contained no information at all about Defendant Hughey's involvement; and (3) even

interpreting the Complaint broadly, it failed to state a § 1983 claim against Sheriff Beavers or Ms. Hughey.

The Plaintiff has now attempted to revise and refine his Complaint. Indeed, it is slightly more understandable. It does not, however, begin to remedy the deficiencies outlined in our previous Motion to Dismiss [Dkt. Nos. 27 and 28]. The Complaint continues to demonstrate that limitations apply and there is little or no proffered factual basis for including Defendants Beavers and Hughey. Thus, dismissal with prejudice is appropriate.

## ARGUMENTS AND AUTHORITIES

**A.** *Plaintiff's First Amended Complaint fails to state a claim for Constitutional violations against Defendants Beavers and Hughey.*

Plaintiff alleges violations of the Fourth, Sixth, Eighth, and Fourteenth Amendments, cognizable under 42 U.S.C. § 1983. [First Am. Compl., ¶¶ 3, 4, 14, 43-55]. Plaintiff also brings these claims against Defendants in their individual capacities and "as governmental entity." [*Id.*, ¶¶ 2, 48].

As the Court is well aware, a defendant cannot be liable under Section 1983 on a theory of vicarious liability, including *respondeat superior*. *Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978); *Baskin v. Parker*, 602 F.2d 1205, 1207-08 (5th Cir. 1979). In the case of supervisory officials, such as Defendants Beavers and Hughey, a plaintiff must allege some personal involvement on the part of each individual defendant, or at least show how some acts by each were causally connected to a constitutional violation. *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). Generalized allegations will not suffice; there must be some showing of personal involvement by a particular individual to prevail against that individual. *Blakely v. Andrade*, 360 F. Supp.3d 453, 489 (N.D. Tex. 2018) (citing *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999)).

Plaintiff's First Amended Complaint never ties any specific Constitutional claim to any action of Rhonda Hughey, the Kaufman County District Clerk, or Bryan Beavers, the Sheriff of Kaufman County. There is no discussion in the First Amended Complaint about what either of them did individually, or how they were personally involved in depriving Plaintiff of his Constitutional rights. For example, Count 1 charges "All Defendants" with "Civil Rights Violation" and incorporates, by reference, everything alleged prior to ¶ 43. Hence, one is left to search the foregoing eighteen (18) pages of the Complaint for factual claims against the Sheriff and the District Clerk. There are none. Paragraphs 29-30 address "Jail Conditions," but never mention these Kaufman County defendants. Paragraph 28 lays out the periods of incarceration in 2013 and 2014-15. Defendant Beavers did not even take office as Sheriff of Kaufman County until January 1, 2017. (*See* **Exhibit A**).[1] Ms. Hughey was in office at the times alleged, but as previously noted, the Complaint makes no factual reference to her. Hence, these Defendants cannot be guilty of any Constitutional violation, and they are entitled to dismissal of the action.

The only conceivable reference to anything related to a Sheriff's duties is found beginning at paragraph 29 of the Amended Complaint, "Jail Conditions." There, the Plaintiff states that he was placed in segregation for forty-five (45) days due to a rash. [First Am. Compl., ¶¶ 29(c)]. This occurred "during the 16 ½ months of incarceration in the Kaufman County jail." [*Id*., ¶ 29(b)]. However, he never says the Sheriff was personally involved in any aspect of his incarceration at the Jail. The only allegation he makes against the Sheriff is "upon information and belief," the Sheriff arrested him "on 2 more occasions" in violation of a Court of Appeals order. [*Id*., ¶ 40]. But Plaintiff fails to allege how the Sheriff violated a Court Order, or any facts that would make his arrest illegal. Indeed, the Sheriff was not the Sheriff when the arrests were

---

[1] "[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007).

3

made in, we guess, 2013 and 2014. Such "naked assertions" cannot state a plausible claim for relief. *See Ashcroft, supra.* at 678. Even if Mr. Beavers was somehow involved in Plaintiff's arrest or prosecution, the Fifth Circuit has re-affirmed there is no cognizable Constitutional tort for malicious prosecution. *See Morgan v. Chapman*, No. 18-40491, slip op. at 10 (5th Cir. Aug. 7, 2020).

As for Defendant Hughey, the Complaint merely names her as a Defendant and thereafter contains no specific information as to what her involvement might be. One can speculate that she was named simply because she served as the Clerk of a District Court where many of the actions complained of took place—actions involving other parties. This would not give rise to any liability on, for example, a *respondeat superior* basis. *Monell*, *supra,* 436 U.S. at 691.

Finally, insofar as Plaintiff is alleging claims against Beavers and Hughey as a "governmental entity," these claims fail to satisfy Rule 12(b)(6). The First Amended Complaint simply recites certain elements of a Section 1983 claim against governmental bodies. [*See* First Am. Compl., ¶¶ 48(c), (d)]. There are no facts alleged, much less any facts giving rise to a plausible claim for relief.

Like the Original Complaint, the First Amended Complaint is basically a screed against various individuals complaining about the manner in which child custody cases and the child support program is or was operated in Kaufman County. This is not a Section 1983 case. Indeed, this Court has refused to grant leave to another *pro se* plaintiff when his amended pleading failed to allege specific facts supporting his conclusory allegations. *See Hunter v. Schopmeyer*, 2020 WL 908541, 2020 U.S. Dist. LEXIS 32918 (N.D. Tex. Jan. 31, 2020) (Ramirez, J.) (denying leave to amend complaint because amended complaint was futile). The Court should do the same here; no further amendments would effectively save the claims.

**B.**     *The First Amended Complaint is subject to dismissal based on the statute of limitations.*

In Texas, most claims brought pursuant to 42 U.S.C. § 1983 must be filed within two (2) years of the alleged violation of the plaintiff's Constitutional rights because Texas has a two-year period for the filing of tort claims. TEX. CIV. PRAC. & REM. CODE § 16.003; *and see* 42 U.S.C. § 1988; *Owens v. Okure*, 488 U.S. 235, 240 (1989); *Winzer v. Kaufman Co.*, slip opn. at 7 (5th Cir. 2019). Here, it is difficult to determine exactly when the Plaintiff claims his rights were first or last violated in Kaufman County, but the effect of any alleged improper actions by various parties appears to have been two jail terms combined for approximately 13½ months, <u>but which ended no later than 2015</u>. [*See* First Am. Compl., ¶ 28]. Plaintiff alleges, and Defendants agree, that his claims based on alleged wrongful incarceration, whether brought under Section 1983 or Texas state law, accrue upon his release from confinement. [*See Id.*, ¶ 16]; *see also Adler v. Beverly Hills Hosp.*, 594 S.W.2d 153, 154 (Tex. App.–Dallas 1980, no writ) (describing false imprisonment as a continuing tort which accrues when the detention ends). Plaintiff was released from confinement on June 1, 2015,[2] thus commencing the running of the limitations period. His claim for wrongful incarceration, filed over four (4) years later on February 25, 2020 [Doc. 3], is therefore barred as untimely.

Plaintiff's other claims, ostensibly based on his wrongful incarceration, are also barred by limitations, even if they are deemed sufficient to allege a plausible right to relief – which

---

[2] First. Am. Compl., ¶ 28.

Defendants deny.[3] The limitations periods governing Plaintiff's other claims range from one to four years, each of which expired before Plaintiff filed this suit on January 25, 2020:

- Invasion of privacy – 2 years:  *Agar Corp. v. Electro Circuits Int'l*, 580 S.W.3d 136 (Tex. 2019)

- Intentional infliction of emotional distress – 2 years:  *Deaver v. Desai*, 483 S.W.3d 668, 675 (Tex. App.—Houston [14th Dist.] 2015, no pet.)

- Malicious prosecution – 1 year: TEX. CIV. PRAC. & REM. CODE § 16.002(a); *Mead v. Property Owners' Ass'n of Terlingua Ranch, Inc.*, 410 S.W.3d 434, 437 (Tex. App.–El Paso 2013, no pet.)

- Tortious interference – 2 years: *First Nat'l Bank v. Levine*, 721 S.W.2d 287, 289 (Tex. 1986)

- Civil conspiracy – limitations period commensurate with underlying tort:  *Agar Corp. v. Electro Circuits Int'l*, 580 S.W.3d 136, 142-43 (Tex. 2019)

- RICO violations – 4 years: *Agency Holding Corp. v. Malley-Duff & Assoc.*, 483 U.S. 143 (1987)

Furthermore, Plaintiff has not set forth any exception that would toll the limitations period for any of his claims against Beavers or Hughey. Therefore, Plaintiff's claims are untimely and should be dismissed.

**C.      Another District Court has already determined that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.**

In *Tomasella v. Division of Child Support, et al.*, Cause No. 3:19-cv-00771, Judge David Godbey dismissed Plaintiff's Complaint upon the report and recommendation of U.S. Magistrate Judge David L. Horan (*See* Docs. 8, 13). Judge Horan concluded, and Judge Godbey agreed, that Plaintiff's claims challenging state court child support proceedings in Kaufman County were

---

[3] None of Plaintiff's claims for invasion of privacy, intentional infliction of emotional distress, malicious prosecution, tortious interference, civil conspiracy, or RICO violations even mention Beavers or Hughey, nor do they state plausible claims for relief against these Defendants. [*See* First Am. Compl., ¶¶ 56-88]. These are rote, conclusory allegations unsupported by any facts. *See Hunter v. Schopmeyer*, 2020 WL 908541, 2020 U.S. Dist. LEXIS 32918 (N.D. Tex. Jan. 31, 2020) (Ramirez, J.)

6

barred under the *Rooker-Feldman* doctrine, even when they were cast as "civil rights" claims. *See Id.* at p. 5 ("The United States Court of Appeals for the Fifth Circuit has 'held that litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits…'") (quoting *Turner v. Cade*, 354 F. App'x 108, 111 (5th Cir. 2009) (per curiam).

As noted above, Plaintiff's Complaint in this case again attacking the child support proceedings in Kaufman County should be dismissed. Although this time Plaintiff cites various amendments to the U.S. Constitution and purports to bring various state law claims, this does nothing to alter to substance of his lawsuit and vest the Court with subject matter jurisdiction.

## CONCLUSION

WHEREFORE, based on the foregoing discussion of the facts and legal issues that are raised in Plaintiff's First Amended Complaint, Defendants Hughey and Beavers respectfully urge the Court to dismiss the claims against them with prejudice.

Respectfully submitted,

*/s/ S. Cass Weiland*
S. Cass Weiland
State Bar No. 21081300
Robert A. Hawkins
State Bar No. 00796726
SQUIRE PATTON BOGGS LLP
2000 McKinney Ave., Suite 1700
Dallas, Texas 75201
(214) 758-1500
(214) 758-1550 (fax)
cass.weiland@squirepb.com
robert.hawkins@squirepb.com

ATTORNEYS FOR DEFENDANTS
BRYAN BEAVERS AND RHONDA HUGHEY

## CERTIFICATE OF SERVICE

I certify that on January 25, 2021, a true and correct copy of the foregoing was served on *pro se* Plaintiff via certified mail, return-receipt requested, and via the Court's electronic filing system if a participating recipient.

> Todd Michael Tomasella
> 9201 Warren Parkway, #200
> Frisco, TX 75035

> */s/ S. Cass Weiland*
> S. Cass Weiland