UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TODD MICHAEL TOMASELLA,** *Plaintiff*, | § § § § | |
| v. | § § | CIVIL ACTION NO. 3:20-cv-00476-S-BH |
| **DIVISION OF CHILD SUPPORT, et al,** *Defendants*. | § § § | Referred to U.S. Magistrate Judge |

**DEFENDANT WARREN KENNETH PAXTON'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE MAGISTRATE JUDGE IRMA CARRILLO RAMIREZ:

DEFENDANT, Warren Kenneth Paxton[1], Attorney General for the State of Texas ("General Paxton"), by and through his attorneys, files this Brief in support of his Motion to Dismiss Plaintiff's First Amended Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## I. INTRODUCTION

Essentially, Plaintiff, Todd Michael Tomasella, appearing *pro se*, complains, through this action that his constitutional rights were violated because he was ordered to pay child support and was arrested and incarcerated when he failed to timely pay said child support. *See Plaintiff's First Amended Complaint* ("Complaint"). [DKT 60]. Plaintiff seeks redress for Defendants' alleged violation of his constitutional rights, Texas state laws, and the Racketeer Influenced and Corrupt

---

[1] Plaintiff also names the Division of Child Support as a defendant in his Complaint, however, the Division of Child Support is not a legal entity capable of being sued but is a division of the Office of the Attorney General for which General Paxton is the state official. For the purposes of this motion, it is assumed that Plaintiff intended to sue General Paxton whose name appears on the Complaint, the summons, and the First Amended Complaint. [DKT 3, DKT 22, DKT 60]. *See Anthony of the Family Baker v. Child Support Div*, No. 3:18-cv-341-C-BN at *6, 2018 WL 4858743 (N.D. Tex., Dallas Division, Sept. 18, 2018).

1

Organizations Act. *See* Complaint. Plaintiff's First Amended Complaint should be dismissed in its entirety because (1) Plaintiff's claims are barred by immunity and the *Rooker-Feldman* Doctrine; and (2) Plaintiff fails to state a claim upon which relief can be granted because any alleged claim is time-barred, and Plaintiff fails to make a *prima facie* case for any alleged violation of federal or Texas law. *See* Complaint.

## II. STANDARD OF REVIEW

**Legal Standard for Dismissal Under Fed. R. Civ. P. 12(b)(1).**

A motion to dismiss is a proper means to challenge a court's authority to determine the subject matter of a specific cause of action. FED. R. CIV. P. 12(b)(1). When the court lacks the statutory or constitutional power to adjudicate a case, the case is properly dismissed for lack of subject-matter jurisdiction. *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015). The party seeking to invoke the Court's subject matter jurisdiction has the burden of establishing that such jurisdiction exists. *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted). A motion to dismiss for lack of subject matter jurisdiction must be considered before any other challenge. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998); *Moran v. Kingdom of Saudi Arabia,* 27 F.3d 169, 172 (5th Cir. 1994). Defendants may assert an immunity defense in a motion to dismiss. *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986).

**Legal Standard for Dismissal Under Fed. R. Civ. P. 12(b)(6).**

"[t]o survive a Rule 12(b)(6) motion, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "While a complaint attacked

by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 550 U.S. 544 (citations, quotation marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Bell Atlantic Corp.*, 550 U.S. 544).

### III. ARGUMENT AND AUTHORITIES

**A. Plaintiff's Lawsuit Must Be Dismissed Because It is Barred by Qualified Immunity.**

Plaintiff brings this action asserting a deprivation of his constitutional rights under 42 U.S.C. § 1983 and personal injuries resulting from alleged tortious conduct. *See* Complaint. Tomasella asserts that Defendants, collectively, violated his Fourth, Eighth, and 14th Amendment rights and though the Complaint is unclear as to the precise actions attributed to each of the individual Defendants[2], government officials, like General Paxton, who perform "discretionary functions" are entitled to the defense of qualified immunity from suits in their individual capacity. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). The doctrine of qualified immunity protects government officials sued pursuant to § 1983 "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223 (2009). "The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Id*. (internal quotation marks omitted).

---

[2] Plaintiff fails to make any allegation of specific wrongful conduct by General Paxton, therefore, all claims against General Paxton should be dismissed.

The Fifth Circuit has emphasized the broad protections of qualified immunity, stating that it "protects all but the plainly incompetent or those who knowingly violate the law." *Romero v. City of Grapevine, Texas*, 888 F.3d 170, 176 (5th Cir. 2018) (*quoting Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Following an invocation of qualified immunity, "the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). "Of course, the defendant's conduct cannot constitute a violation of clearly established law if, on the plaintiff's version of the facts, there is no violation at all." *Johnson v. Johnson*, 385 F.3d 503, 525 (5th Cir. 2004). "Qualified immunity questions should be resolved at the earliest possible stage of the litigation." *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987). The Fifth Circuit has "consistently held that plaintiffs who invoke Section 1983 must plead specific facts that, if proved, would overcome the individual defendant's immunity defense." *Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988). "Further, plaintiffs must demonstrate prior to discovery that their allegations are sufficiently fact-specific to remove the cloak of protection afforded by an immunity defense." *Id*. "[A]llowing broadly-worded complaints…which leave to traditional pretrial depositions, interrogatories, and requests for admission the development of the real facts underlying the claim, effectively eviscerates important functions and protections of official immunity." *Wicks v. Mississippi State Employment Servs.*, 41 F.3d 991, 996 n. 21 (5th Cir. 1995).

Here, Plaintiff does not—and cannot—allege facts sufficient to show a clearly established constitutional violation at the time relevant to the Complaint.  A plaintiff seeking to overcome a defendant's qualified immunity asserted in a motion to dismiss must plead specific facts that, if true, would allow the court to draw the reasonable inference that the defendant violated a clearly established constitutional right. *See Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). The facts

pled by Plaintiff, viewed in the light most favorable to him, do not meet that burden and his claims against General Paxton must be dismissed.

    **B. Plaintiff's Lawsuit Must Be Dismissed Because It is Barred by the *Rooker-Feldman* Doctrine.**

"[T]he *Rooker-Feldman* doctrine is a narrow jurisdictional bar…designed to prevent lower federal courts from exercising jurisdiction over matters that are exclusively reserved for Supreme Court review under 28 U.S.C. § 1257." *See Anthony of the Family Baker v. Child Support Div.*, No. 3:18-CV-341-C-BN, 2018 WL 4858743, at *4 (N.D. Tex. Sept. 18, 2018). Under *Rooker-Feldman* a party losing in state court cannot seek what in substance would be appellate review of the state court judgment in a district court, based on the party's claim that the state judgment itself violates his federal rights. *Id.* The Fifth Circuit has "held that litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits'" *Id.* at 5, *citing Turner v. Cade*, 354 F. App'x 108, 111 (5th Cir. 2009) (per curiam).

Courts have consistently applied the *Rooker-Feldman* doctrine as a bar to federal jurisdiction over matters related to the family disputes of divorce and child support. *Id., citing Evans v. Williamson Cty. Gov't, Tex.*, No. A-15-CV-436-SS, 2015 WL 4621449, at *4 (W.D. Tex. May 28, 2015); *McCormick v. Dempster*, 82 F. App'x 871, 2003 WL 22922312, at *1 (5th Cir. Dec. 9, 2013) (per curiam) (affirming "dismissal for lack of subject matter jurisdiction[, under *Rooker-Feldman*,] of [a *pro se* plaintiff's] 42 U.S.C. § 1983 action, in which she asserted that her due process rights were violated by a state court's entry of a child custody order and another state court's enforcement of that order").

Here, Plaintiff is once again attempting to impermissibly challenge state court child support proceedings under the guise of a federal complaint alleging civil rights violations. In 2019,

Tomasella filed a similar federal complaint which Judge Godbey dismissed for lack of subject matter jurisdiction. *See Tomasella v. Div. of Child Support*, No. 3:19-cv-00771-N-BN, 2019 WL 2165744, at *2 (N.D. Tex. Apr. 29, 2019). Nothing in Plaintiff's current Complaint changes the substance of Tomasella's claims or vests this Court with subject matter jurisdiction. Accordingly, Tomasella's lawsuit should be dismissed.

### C. Plaintiff's Lawsuit Must Be Dismissed Because Plaintiff Fails To State A Claim Upon Which Relief Can Be Granted.

Tomasella's lawsuit must be dismissed because his claims are time-barred and he has failed to allege sufficient facts to support a plausible claim against General Paxton under federal law or Texas law.

Federal claims brought under § 1983 have a limitations period of 2 years. *See Whitt v. Stephens Cty.*, 529 F.3d 278, 282 (5th Cir. 2008). While claims for fraud, fraudulent inducement, and RICO must be brought within 4 years of the activity giving rise to the claim. *See Hunton v. Guardian Life Ins. Co. of Am.*, 243 F. Supp. 2d 686, 702 (S.D. Tex. 2002), citing *Atkins v. Crosland*, 417 S.W.2d 150, 153 (Tex. 1967); *see also Rogers v. McDorman*, 521 F.3d 381, 387 (5th Cir. 2008). Tomasella filed his lawsuit in February of 2020, however all of the activity he complains about occurred more than 4 years prior to him filing this lawsuit, *i.e.*, he obtained his marriage license in 1995; he was ordered to pay child support in 2002 and an increase was ordered in 2013; he was arrested and incarcerated for non-payment of court-ordered child support in 2013 and again in 2015. *See* Complaint at pp. 5, 15-17. Consequently, Plaintiff's claims are time-barred and must be dismissed.

Further, even if Tomasella's claims were not barred by qualified immunity or limitations, the claims should be dismissed because Tomasella fails to allege sufficient facts to support any plausible claim against General Paxton. *See* Complaint*; see also Bell Atlantic Corp.*, 550 U.S. 544.

Plaintiff attempts to bring claims based on alleged violations of the Fourth, Eighth, and Fourteenth Amendments, state law, and RICO, yet Plaintiff does not allege any facts from which the Court could infer liability on General Paxton. *See* Complaint. Accordingly, Plaintiff's claims must be dismissed. *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205.

## IV.    CONCLUSION and PRAYER

For the reasons stated above, all claims in Plaintiff's First Amended Complaint against Defendant General Paxton should be dismissed as a matter of law.

WHEREFORE, Defendant Warren Kenneth Paxton, Attorney General, prays that the Court dismiss, with prejudice, all claims in Plaintiff's First Amended Complaint and that Plaintiff takes nothing by his suit and that Defendant recovers all relief, special or general, at law or in equity, to which he shows himself justly entitled, including but not limited to his costs incurred herein.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**THOMAS A. ALBRIGHT**
Chief - General Litigation Division

/s/ *Yvonne D. Bennett*
**YVONNE D. BENNETT**
Texas Bar No. 24052183
Attorney-in-Charge
Assistant Attorney General
Office of the Attorney General

P.O. Box 12548<br>
Austin, Texas 78711-2548<br>
Phone: 512-463-2120<br>
Fax: 512-320-0667<br>
Email: yvonne.bennett@oag.texas.gov<br>
ATTORNEYS FOR DEFENDANT<br>
ATTORNEY GENERAL<br>
KENNETH PAXTON

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been served via PACER electronic notification and email on January 28, 2021, on:

**Pro Se Plaintiff**
Todd Michael Tomasella
9201 Warren Pkwy, #200
Frisco, TX 75035
970-799-9346
GoodNews014@yahoo.com

*/s/ Yvonne D. Bennett*
**YVONNE D. BENNETT**

8