IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TODD MICHAEL TOMASELLA,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-476-S-BH |
| | § | |
| **DIVISION OF CHILD SUPPORT, et al.,** | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Before the Court are the *pro se* plaintiff's *Motion to Enter Evidence*, filed July 14, 2021 (doc. 104), and a second *Motion to Enter Evidence*, filed July 27, 2021 (doc. 105). Based on the relevant filings and applicable law, the motions are **DENIED**.

## I. BACKGROUND

In this civil rights action under 42 U.S.C. § 1983, Todd Michael Tomasella (Plaintiff) sues the Texas Attorney General (AG), a state court judge (Judge), a county district court clerk (Clerk), and a county sheriff (Sheriff) (collectively Defendants), in their individual capacities, alleging violation of his constitutional rights and of the Racketeer Influence and Corrupt Organizations Act (RICO). (doc. 60 at 1-3, 19-29.)[2] He also asserts state law claims for invasion of privacy, false arrest, false imprisonment, intentional infliction of emotional distress, malicious prosecution, tortious interference, and civil conspiracy. (*Id*. at 19-28.)

After Plaintiff filed this lawsuit on February 25, 2020, the defendants[3] moved to dismiss

---

1 By *Special Order No. 3-251*, this *pro se* case was referred for full case management.

2 Citations to the record refer to the CM/ECF system page number at the top of each page.

3 Plaintiff's initial complaint included a second state court judge and the "Division of Child Support," a department in the Office of the Attorney General, as defendants. (*See* doc. 3 at 2-5.)

all claims against them for lack of subject-matter jurisdiction and/or failure to state a claim upon which relief may be granted. (*See* docs. 14, 27, 31.) He then sought and obtained leave to file a first amended complaint. (*See* doc. 51; doc. 51-1 at 1, 25-26; doc. 59.) It alleges that Defendants violated his constitutional rights, and that their "unlawful actions . . . resulted in [his] suffering over 20 years of psychological trauma including the looming, perpetual fear and embarrassment of being arrested, the loss of companionship of [his] only child, and complete financial ruin[.]" (*See* doc. 60 at 17.) It also contends that Defendants tortiously interfered with his business and personal relationships, as well as his parent/child relationship, and that Defendants' RICO violations caused injury to his business and property. (*Id.* at 26-27.)   Like the original complaint, it also asserted state law claims for invasion of privacy, false arrest, false imprisonment, intentional infliction of emotional distress, malicious prosecution, tortious interference, and civil conspiracy. (*Id*. at 19-28.) Defendants again moved to dismiss all claims against them. (*See* docs. 62, 68, 70.)

On July 14, 2021, Plaintiff filed a motion to enter evidence, which alleges that he was pulled over by a police officer while traveling outside the state and informed of an active "child support warrant" in Texas and attaches a copy of the warrant. (*See* doc. 104.)   On July 27, 2021, Plaintiff filed a second motion to enter evidence, seeking to add a link to his son's video presentation at a church where he is a full-time pastor, during which he spoke about Plaintiff's granddaughter. (doc. 105 at 1.) Only Judge responded, and he opposes the motions. (docs. 106, 107.)

## II. RULE 15(d)

Federal Rule of Civil Procedure 15(d) governs the supplementation and amendment of pleadings in federal court. It states:

2

> [o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).. "A supplemental pleading may bring in new claims when the subsequent allegations stem from the original cause of action." *Mangwiro v. Napolitano*, 939 F.Supp.2d 639, 647-48 (N.D. Tex. 2013), citing *Chemetron Corp. v. Business Funds,* Inc., 682 F.2d 1149, 1194 (5th Cir.1982), *vacated on other grounds by* 460 U.S. 1007 (1983). Judicial decisions to grant or deny Rule 15(d) motions to supplement pleadings are generally based on the same factors of fairness courts weigh when considering motions to amend pleadings under Rule 15(a). *Hyde v. Hoffman-La Roche Inc.*, No. CIV A 304-CV-1473-B, 2008 WL 2923818, at *3 (N.D. Tex. July 30, 2008). These factors include considerations of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] the futility of amendment." *Schiller v. Phys. Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). "While the text of Rule 15(a) provides that leave should be freely granted, the text of Rule 15(d) does not similarly provide." *Burns v. Exxon Corp.,* 158 F.3d 336, 343 (5th Cir.1998) (citing Fed. R. Civ. P. 15(d)).

      Plaintiff does not seek to add new claims.  He only seeks to provide a copy of an arrest warrant and a link to a video to exemplify injuries he contends he has suffered as a result of the defendants' conduct.  While he argues that he recently became aware of the "new" evidence he seeks to admit, he concedes that the officer who pulled him over told him about the warrant; it was issued in 2016, before he filed suit against Defendants. (*See* doc. 1; doc. 104 at 2.) He does not

3

state that he was unaware of the fact that his son was married and had children before he filed suit or his first amended complaint. The fact that the information is new to Plaintiff does not necessarily demonstrate that justice would require its admission into the record. *See Hoffman v. AmericaHomeKey, Inc.*, No. 3:12-CV-3806-B, 2014 WL 12577347, at *2 (N.D. Tex. July 29, 2014) (denying the defendant's motion to file a supplemental brief because it failed to demonstrate that the information was "relevant to the [c]ourt's summary judgment analysis and would therefore aid in the justiciable disposition of [the] case.").

### III. CONCLUSION

Plaintiff's *Motion to Enter Evidence*, filed July 14, 2021 (doc. 104), and *Motion to Enter Evidence*, filed July 27, 2021 (doc. 105), are **DENIED**.

**SO ORDERED** on this 20th day of August, 2021.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE