IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TODD MICHAEL TOMASELLA,** | § | |
| Plaintiff, | § | |
| vs. | § | |
| | § | Civil Action No. 3:20-CV-0476-S-BH |
| | § | |
| **DIVISION OF CHILD SUPPORT, et al.,** | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

## ORDER

On February 25, 2020, the *pro se* plaintiff filed a complaint against the defendants and paid the filing fee. (*See* doc. 3.) On February 27, 2020, the Court issued an order for service of process, which stated:

> Because he paid the fee, the plaintiff is now responsible for serving each defendant with a summons and a copy of the complaint in this case as provided by Rule 4(c) of the Federal Rules of Civil Procedure. If each defendant is not served within 90 days after the filing of the complaint, the action is subject to dismissal against that defendant without prejudice. *See* Fed. R. Civ. P. 4(m). In addition, Fed. R. Civ. P. 4(l)(1) requires the plaintiff to file proof of service with the Court unless service is waived. This proof must consist of "the server's affidavit" if service was not accomplished by the United States Marshal or a deputy marshal. *Id.* If the plaintiff does not file a valid return of service or otherwise show that a defendant was properly served, this action may be dismissed as to any defendant who was not properly served.

(*See* doc. 4.) As directed by the order, the Clerk's Office issued summonses on that date. (*See id.*; doc. 5.)

On April 6, 2020, the summons as to defendant Ruth Blake was returned as unexecuted because she is deceased. (*See* doc. 24.) The docket reflects no effort by the plaintiff to seek substitution of the proper party and to obtain service on that party, despite again naming her as a defendant in his first amended complaint, which was filed on December 31, 2020 (doc. 60).

The original complaint named the Division of Child Support as a defendant. (*See* doc. 3.)

---

[1]By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

The motion to dismiss the claims in the original complaint against the Texas Attorney General noted that the Division of Child Support was not a legal entity capable of being sued, but was a division of the Office of the Attorney General, and that it was assumed that the plaintiff intended to sue the Attorney General.  (*See* doc. 31 at 1, n. 1.)  The first amended complaint dropped the Division of Child Support as a defendant and substituted Kaufman County Child Support as a defendant, noting that it "is a 'Division of Child Support,' a department within the Office of Texas Attorney General of Kaufman County and Austin, Texas."  (*See* doc. 60 at 3.)  The motion to dismiss the claims in the first amended complaint against the Texas Attorney General contained a substantially similar footnote to the one in the original motion to dismiss.  The footnoted cited to a case from this Court that specifically found that the Division of Child is not jural entity that may be sued, and that the Office of the Texas Attorney General is immune from suits for money damages under the Eleventh Amendment.

**No later than 5:00 p.m. on Tuesday, September 7, 2021**, the plaintiff shall file a notice stating whether he seeks to pursue his claims against these two remaining defendants.  If the plaintiff fail to comply with this order, dismissal of his claims against these defendants may be recommended without further notice.

**SO ORDERED** on this 23rd day of August, 2021.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE