IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TODD MICHAEL TOMASELLA, § | |
| Plaintiff, § | |
| vs. § | |
| § | Civil Action No. 3:20-CV-0476-S-BH |
| § | |
| DIVISION OF CHILD SUPPORT, et al., § | |
| Defendants. § | Referred to U.S. Magistrate Judge[1] |

## ORDER

Based on the relevant filings and applicable law, *PLAINTIFFS' request[s for] entry of default for the remaining defendants*, filed July 5, 2022 (doc. 129), and July 12, 2022 (doc. 132), are **DENIED**.

## I. BACKGROUND

In this civil rights action under 42 U.S.C. § 1983, Todd Michael Tomasella (Plaintiff) sued six defendants, including a state court judge in her individual capacity (State Judge) and Kaufman County Child Support (KCCS), for violations of his constitutional rights and of the Racketeer Influence and Corrupt Organizations Act in connection with state child support proceedings; he also asserted state law claims for invasion of privacy, false arrest, false imprisonment, intentional infliction of emotional distress, malicious prosecution, tortious interference, and civil conspiracy. (doc. 60.)[2]

On April 6, 2020, the summons as to State Judge was returned as unexecuted because she was deceased. (*See* doc. 24.) On December 31, 2020, Plaintiff filed a first amended complaint that continued to name her as a defendant and substituted KCCS for the Division of Child Support as a defendant. (doc. 60.) By order dated August 23, 2021, Plaintiff was ordered to file a notice by

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

September 7, 2021, stating whether he sought to pursue his claims against State Judge and KCCS. (*See* doc. 110.) The order explained that even though the summons for State Judge was returned as unexecuted because she was deceased, the docket reflected no effort by him to seek substitution of the proper party and to obtain service on that party. (*Id.* at 1.) It also noted that one of the defendants had cited a case from this district that specifically found that the Child Support Division of the Office of the Attorney General is not jural entity that may be sued. (*Id.* at 1-2.) The order expressly stated that if Plaintiff failed to comply with the order, dismissal of his claims against these defendants would be recommended without further notice. (*Id.* at 2.)

On September 27, 2021, Plaintiff's claims against the other four defendants were dismissed. (*See* docs. 109, 115, 116.) On March 29, 2022, he filed a notice advising that State Judge had been deceased since 2016, and that "there seems to be no way to serve her." (doc. 123.) On June 13, 2022, he sought entry of default against the remaining defendants, which the Clerk of Court declined to enter on June 16, 2022. (doc. 127.) Plaintiff again seeks entry of default against the remaining defendants. (docs. 129, 132.)

## II.  DEFAULT

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R. Civ. P. 55. The Fifth Circuit requires a three-step process for securing a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is shown "by affidavit or otherwise." *See id.*; *New York Life Ins. Co.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default

judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

Rule 4(c) of the Federal Rules of Civil Procedure places the burden on the plaintiff to ensure that defendants are properly served with summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). A plaintiff must show that a defendant was properly served and failed to answer or respond in order to establish default, so the "propriety of the entry of default is thus dependent on the propriety of service." *Pathway Senior Living LLC v. Pathways Senior Living LLC*, No. 3:15-CV-2607-M, 2016 WL 1059536, *2 (N.D. Tex. Mar. 17, 2016). "Until the plaintiff serves the defendant, the defendant has no duty to answer the complaint." *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999); *accord Broadcast Music, Inc. v. M.T.S. Enter., Inc.*, 811 F.2d 278, 282 (5th Cir. 1987) ("No person need defend an action nor suffer judgment against him unless he has been served with process and properly brought before the court."). Absent proper service of process, a court lacks personal jurisdiction over the defendant. *See Rogers*, 167 F.3d at 940 (citing Fed. R. Civ. P. 60(b)(4)).

Rule 4(c) places the burden on the plaintiff to ensure that defendants are properly served with summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). When the defendant is an individual, Rule 4(e)(1) allows for service according to the law of the state in which the district court is located. Fed. R. Civ. P. 4(e)(1). Under this rule, service of process on an individual defendant like State Judge must comply with the Texas rules governing service. *Id.* Further, a state, local government, or "any other state-created governmental organization that is subject to suit" is properly served by either "delivering a copy of the summons and of the complaint to its chief executive officer," or by "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Under this rule, proper service on KCCS "appears to require service on [the entity's] chief executive or, possibly, other high ranking official." *Anthony of the*

3

*Family Baker v. Child Support Division*, No. 3:18-CV-341-C-BN, 2018 WL 1833059, at *3 (N.D. Tex. Mar. 28, 2018) (citing Fed. R. Civ. P. 4(j)(2)(a) & Tex. Civ. Prac. & Rem. Code § 17.024), *adopted by* 2018 WL 1830843 (N.D. Tex. Apr. 17, 2018).

Here, Plaintiff has not shown that he properly served State Judge or KCCS. *See Shorty v. Sparkman*, No. 5:12-CV-114 (DCB)(MTP), 2013 WL 4773943, *3 (S.D. Miss. Sept. 4, 2013) (the defendants are under no obligation to plead or defend until properly served with process). As discussed, State Judge is deceased, and no proof of service has been filed for her, her estate, or any substituted proper party. Also, although Plaintiff filed proof of service indicating that the first amended complaint was served upon "Rhonda Hughey, Kaufman County District Clerk" for KCCS, he "has provided no evidence that Ms. [Hughey] is that defendant's chief executive or high ranking official with that defendant." *Anthony of the Family Baker*, 2018 WL 1833059, at *3.[3]

Plaintiff has not shown that State Judge and KCCS were properly served and that they had a duty to answer or otherwise plead. He has not shown that entry of default is appropriate. *See Pathway Senior Living LLC*, 2016 WL 1059536 at *2; *see also Shorty v. Sparkman*, No. 5:12-CV-114 (DCB)(MTP), 2013 WL 4773943, * 3 (S.D. Miss. Sept. 4, 2013) (the defendants are under no objection to plead or defend until properly served with process)*; Goodwin v. Housing Auth. of New Orleans, et al.*, No. 11-1397, No. 2013 WL 3874907, *2 (E.D. La. July 25, 2013) (entry of default not warranted in the absence of effective service); *Hazim v. Schiel & Denver Book Group, et al.*, No. H-12-1286, 2013 WL 2152109, *1 (S.D. Tex. May 16, 2013) (a movant must show proper service before a motion for entry of default can be granted) (citations omitted).

---

[3] Counsel for the dismissed defendants filed a notice stating that "Ms. Hughey is not affiliated with the Kaufman County Child Support Division and is not a proper person for service of process." (doc. 131 at 1.)

### III.  CONCLUSION

Plaintiff's motions for entry of default are **DENIED**.

**SO ORDERED** on this 12th day of July, 2022.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE