IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TODD MICHAEL TOMASELLA, | § | |
|     Plaintiff, | § | |
| vs. | § | |
| | § | Civil Action No. 3:20-CV-0476-S-BH |
| | § | |
| DIVISION OF CHILD SUPPORT, et al., | § | |
|     Defendants. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's claims against the two remaining defendants should be *sua sponte* **DISMISSED with prejudice**, and final judgment should be entered against him.

**I. BACKGROUND**

In this civil rights action under 42 U.S.C. § 1983, Todd Michael Tomasella (Plaintiff) sued six defendants, including a state court judge in her individual capacity (State Judge) and Kaufman County Child Support (KCCS), for violations of his constitutional rights and of the Racketeer Influence and Corrupt Organizations Act in connection with state child support proceedings; he also asserted state law claims for invasion of privacy, false arrest, false imprisonment, intentional infliction of emotional distress, malicious prosecution, tortious interference, and civil conspiracy. (doc. 60.)[2]

On April 6, 2020, the summons as to State Judge was returned as unexecuted because she was deceased. (*See* doc. 24.) On December 31, 2020, Plaintiff filed a first amended complaint that continued to name her as a defendant and substituted KCCS for the Division of Child Support as a defendant. (doc. 60.) By order dated August 23, 2021, he was ordered to file a notice by September

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

7, 2021, stating whether he sought to pursue his claims against State Judge and KCCS. (*See* doc. 110.) The order explained that even though the summons as to State Judge was returned as unexecuted because she was deceased, the docket reflected no effort by him to seek substitution of the proper party and effect service. (*Id.* at 1.) It also noted that one of the defendants had cited a case from this district that specifically found that the Child Support Division of the Office of the Attorney General is not jural entity that may be sued. (*Id.* at 1-2.) The order expressly stated that if Plaintiff failed to comply with the order, dismissal of his claims against these defendants would be recommended without further notice. (*Id.* at 2.)

On September 27, 2021, Plaintiff's claims against the other four defendants were dismissed. (*See* docs. 109, 115, 116.) On March 29, 2022, he filed a notice advising that State Judge had been deceased since 2016, and that "there seems to be no way to serve her." (doc. 123.) On June 13, 2022, Plaintiff sought entry of default against the remaining defendants, which the Clerk of Court declined to enter on June 16, 2022. (doc. 127.) He has again moved for entry of default against the remaining defendants. (docs. 129, 132.)

## II.  *SUA SPONTE* DISMISSAL

"District courts may, for appropriate reasons, dismiss cases *sua sponte*." *Carter v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (collecting cases). A court may *sua sponte* dismiss a plaintiff's claims under Rule 12(b)(6) for failure to state a claim "as long as the procedure employed is fair;" this requires notice of the intent to dismiss and an opportunity to respond. *See id.* at 498 (citing *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014)). "Pre-dismissal notice and opportunity to respond are not needed 'if the plaintiff has [already] alleged his best case," which includes "(1) repeatedly declar[ing] the adequacy of that complaint in ... response to [the] defendant's motion to

2

dismiss and (2) refus[ing] to file a supplemental complaint even in the face of a motion to dismiss." *See id.* at 498 n.1 (citing *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016)) (internal quotations omitted). The recommendation of a United States Magistrate Judge that a case be dismissed *sua sponte* with an opportunity for the plaintiff to object satisfies this requirement. *See Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).

A.  **State Judge**

Federal Rule of Civil Procedure 25(a) provides, in relevant part:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, *the action by or against the decedent must be dismissed*.

Fed. R. Civ. P. 25(a)(1) (emphasis added).

Here, a suggestion of State Judge's death was filed on April 6, 2020, and no motion for substitution was made within 90 days after the suggestion of death was filed. (*See* doc. 24.) Accordingly, Plaintiff's claims against State Judge should be dismissed with prejudice under Fed. R. Civ. P. 25(a). *See Clyce v. Farley*, No. 3:15-CV-793-S-BN, 2022 WL 625722, at *3 (N.D. Tex. Jan. 28, 2022), *adopted by* 2022 WL 625092 (N.D. Tex. Mar. 3, 2022) (dismissing claims against deceased defendant under Rule 25(a) with prejudice where plaintiff failed to file a timely motion to substitute); *Pinkton v. Jenkins*, No. 3:17CV202-JMV, 2019 WL 1089087, at *3 (N.D. Miss. Mar. 7, 2019) (same); *see, e.g., Yazdchi v. Am. Honda Fin. Corp.*, No. CIV.A.3:05-CV-07374L, 2006 WL 2456495, at *3 (N.D. Tex. Aug. 23, 2006) ("A suggestion of death was filed in this case on February 13, 2006. No motion for substitution was made within 90 days after the suggestion of death was filed. Accordingly, Defendants' Joint Motion to Dismiss Claims of Abbas Yazdchi with Prejudice Pursuant to Rule 25 is granted.").

**B.     KCCS**

Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "[P]ro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those "well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id.*; *Iqbal*, 556 U.S. at 680.

Here, Plaintiff asserts claims against KCCS.  A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate

4

and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313.  KCCS is not a jural entity that is subject to suit in a civil action. *See Anthony of the Fam. Baker v. Child Support Div.*, No. 3:18-CV-341-C-BN, 2018 WL 4858743, at *6 (N.D. Tex. Sept. 18, 2018) (finding that "it is clear that OAG's child support division is merely a department within" the Office of the Attorney General and not a separate jural entity, and recommending dismissal of the claims against it on that basis), *adopted by* 2018 WL 4854167 (N.D. Tex. Oct. 5, 2018); *see also Aikins v. Pitre*, No. 3:18-cv-2341-B-BN, 2018 WL 4634214, at *2 (N.D. Tex. Sept. 21, 2018) (recommending dismissal of claims against the OAG's child support division because it is not a jural entity), *adopted by* 2018 WL 5621490 (N.D. Tex. Oct. 30, 2018).  Plaintiff's claims against KCCS should be dismissed with prejudice for failure to state a claim.  *See id.*

### IV.  RECOMMENDATION

Plaintiff's claims against State Judge and KCCS should be *sua sponte* **DISMISSED with prejudice**, and final judgment should be entered against him.

**SO RECOMMENDED** on this 12th day of July, 2022.

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
<u>**NOTICE OF RIGHT TO APPEAL/OBJECT**</u>

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE